944 So.2d 635 (2006)
Derrick CURRY
v.
Burl CAIN, Warden, Louisiana State Penitentiary.
No. 2005 CA 2251.
Court of Appeal of Louisiana, First Circuit.
October 6, 2006.
*636 Derrick Curry, Angola, In Proper Person Plaintiff/Appellant, Derrick Curry.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge LEON A. CANNIZZARO, Jr., serving as judges ad hoc by special appointment of the Louisiana Supreme Court).
MURRAY, J.
The plaintiff, Derrick W. Curry, is an inmate sentenced to the Department of Public Safety and Corrections ("DPSC") and confined at the Louisiana State Penitentiary at Angola, Louisiana ("LSP"). Mr. Curry initiated a lost property claim under the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1177, et seq, claiming that prison personnel were responsible for losing his personal property. His claim was denied at both administrative levels of review. At the first level, the Warden of the LSP denied his claim. At the second level, the Secretary of the DPSC denied his claim. As provided for under La. R.S. 15:1177, Mr. Curry then filed a petition for judicial review of the Secretary's decision in the Nineteenth Judicial District Court. The district court, adopting the Commissioner's recommendation, affirmed the adverse administrative decision.[1] From the district court's decision, Mr. Curry filed this appeal pursuant to La. R.S. 15:1177(A)(10). For the reasons that follow, we affirm in part, modify in part, and remand.

FACTUAL AND PROCEDURAL BACKGROUND
On July 24, 2003, Mr. Curry, along with several other inmates, was transferred *637 from one facility to another within Angolafrom Camp J to Camp D. Although Mr. Curry acknowledges signing an inventory sheet for his personal property on that date, he claims that he was never given the opportunity to check his property before signing for it. Later that day when he received his property, he claims that he discovered a substantial amount of it was missing. On that same day, Mr. Curry wrote a letter to the Warden regarding his missing property. In his letter, Mr. Curry listed over two-dozen items of missing property. The missing items include various clothing and photographs. Mr. Curry's July 24, 2003 letter to the Warden was treated as a CARP claim and assigned Property Claim No. PC-2003-1872.
On September 29, 2003, the Warden denied Mr. Curry's claim for reimbursement, settlement, or replacement of lost personal property. In so doing, the Warden provided the following reasons:
The investigation into your claim revealed nothing to substantiate your claim. You have provided no proof of loss and the investigation revealed nothing to support your claim.
You have received all of the property placed in storage for you at Camp J. There is nothing in the record to indicate that you lost any property.
Dissatisfied with that decision, Mr. Curry appealed to the Secretary of the DPSC.
On November 26, 2003, the Secretary rendered its decision denying payment of Mr. Curry's lost property claim and affirming the Warden's decision. In so doing, the Secretary provided the following reasons:
You claim that after being transferred from Cam[p] J to Camp D on 7/24/03, several of your property items came up missing. You claim that you were made to sign for the receipt of your property prior to the receipt and inventory of your items.
Your concerns were investigated at the institutional level. Nothing could be found to support your allegations. On 10/25/02, you signed for two locker boxes of property from Main Prison. This property was divided into a Level II bundle, which you signed for on 11/20/02, and a Level III bundle which you signed for on 4/10/03. There was also a "can't have" bundle which was inventoried on 11/21/02. That bundle was signed for by you on 7/24/03. No additional property was found in Camp J containing your name. You have failed to prove that a loss actually occurred or that staff is responsible for the alleged loss. Your claims were unsubstantiated.
As such, your Lost Property Claim is denied.
On January 16, 2004, Mr. Curry filed a petition for judicial review in the district court seeking the following relief: (i) order a thorough and complete search of the Camp J Property Room; (ii) reimbursement, settlement, and replacement of his property; and (iii) any other relief to which he is entitled. Following two hearings, the Commissioner rendered a report recommending the district court affirm the Secretary's decision and dismiss Mr. Curry's claim with prejudice at his cost. In his report, the Commissioner stated:
[Mr. Curry] states in the record (and during oral argument) that a prison correctional officer (Lt.Mills) "had" him (and other unnamed inmates) sign for receipt of property without giving him (or them) a chance to check and see if all of his possessions were in the bundles. He does not state that he requested to review the property placed in the bags prior to signing the receipt, and there is *638 no other evidence to support the Petitioner's statement or claim.
The Commissioner further stated that "a review of the record shows that there is no evidence in the record to support a finding that the Petitioner owned or possessed the items of property other than those listed on the inventory sheets in the record at the time of the transfers." The Commissioner still further stated that "[w]hether there is more property unaccounted for is a matter that may be in dispute, but there is insufficient evidence in the record to support a finding that additional property, unaccounted for, exists."
Adopting the Commissioner's reasons and recommendation, the district court affirmed the Secretary's decision and dismissed this appeal with prejudice at Mr. Curry's cost. This appeal followed.

ASSIGNMENTS OF ERROR
On appeal, Mr. Curry asserts the following three assignments of error:
(1) The district court erred by failing to remand the case back to the Warden's level after appellant's motion to expand was granted.
(2) The district court's dismissal of appellant's petition was manifestly erroneous.
(3) The district court's dismissal of appellant's petition was arbitrary, capricious, and an abuse of discretion.

STANDARD OF REVIEW
Judicial review of inmate lost property claims is governed by La. R.S. 15:1177 of the CARP. Vincent v. State Dep't of Public Safety and Corrections, 2002-2444 (La.App. 1 Cir. 6/6/03), 858 So.2d 494. Under the statutory scheme provided by the CARP, "[judicial] review is confined to oral argument (which the court has discretion to grant or deny), based on the record made up in the administrative remedy proceeding, although the court may order that additional evidence be taken." Pope v. State, 1999-2559, p. 6 (La.6/29/01), 792 So.2d 713, 716. Under the CARP, judicial review is also limited to "the issues presented in the petition for review and the administrative request filed at the agency level." La. R.S. 15:1177(A)(5).
A reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error or law; (5) arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Mingo v. Stalder, 1998-2798, pp. 3-4 (La.App. 1 Cir. 9/24/99), 757 So.2d 709, 710-11 (citing La. R.S. 15:1177(A)(9)).
As noted, this appeal is taken from the district court's decision pursuant to La. R.S. 15:1177(A)(10), which provides that "[a]n aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal."

DISCUSSION
Mr. Curry's first assignment of error is that the district court erred in failing to remand to the Warden level for reconsideration after granting his motion to expand the record to include two inventory sheets he filed that were not previously included in the administrative record. One of those inventory sheets he introduced is dated July 11, 2003 and inventoried *639 a hand brace.[2] Mr. Curry claims that he never signed for the hand brace and that it is still in the Camp J Property Room. Mr. Curry points out that the Commissioner stated on the record that if Mr. Curry's motion to expand was granted, a remand to the administrative level would be required. Mr. Curry contends that the Commissioner erred in granting his motion to expand the record, yet failing to remand.
We find the Commissioner erred and exceeded the authority of the district court under the CARP by expanding the record and allowing evidence to be introduced at the district court level. See McDowell v. Taylor, XXXX-XXXX (La.App. 1 Cir. 6/23/00), 762 So.2d 1149 (finding the district court exceeded its authority in taking testimony at the hearing). Under the statutory framework established by the CARP, the district court functions like an appellate court. "[T]he opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in the procedure." Robinson v. Stalder, XXXX-XXXX, p. 4 (La.App. 2 Cir. 4/1/99), 734 So.2d 810, 812 (citing La. R.S. 15:1177(A)(5)).
Although we find the district court erred in expanding the record, we do not find it necessary at this juncture to remand to the trial or administrative level for an entirely new proceeding. Rather, we find it necessary to remand to the trial level for a limited purposefor the trial court to remand to the administrative level to allow Mr. Curry to introduce the July 11, 2003 inventory sheet into evidence.[3] At the administrative level, Mr. Curry can then present his claim that there is one item that he neither signed for nor receiveda hand brace that was inventoried on July 11, 2003. We emphasize, however, that the remand is for the limited purpose of allowing Mr. Curry to introduce at the administrative level evidence regarding his hand brace. Confining our judicial review of the remainder of his claim to the evidence in the administrative record, we consider Mr. Curry's other two assignments of error.
Mr. Curry's second assignment of error is that the district court was manifestly erroneous in affirming the Secretary's decision dismissing his claim. Mr. Curry acknowledges that he signed for all of his property,[4] but contends that his signature was obtained by fraud or trickery. He further contends that a substantial amount of his property is missing and that prison personnel have not conducted a thorough search of the Camp J Property Room for his missing property. Although we sympathize with Mr. Curry, we find the issue presented in this case involves a credibility call. Given that the record supports the Secretary's decision, we cannot say that decision, which the district court affirmed, is manifestly erroneous.
Mr. Curry's final assignment of error is that the district court abused its discretion in affirming the Secretary's decision.[5] *640 Mr. Curry asserts a due process right to his property. To the extent he is asserting a constitutional deprivation of property claim, we note that his claim at the administrative level was a generic loss of property claim and not a constitutional deprivation of property claim. See Vincent, 2002-2444 at p. 5, 858 So.2d at 496 (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984)). We decline to consider a claim raised for the first time on appeal.
Summarizing, we find it necessary to remand for the limited purpose of allowing Mr. Curry to introduce the July 11, 2003 inventory sheet and to present his claim regarding his hand brace. Insofar as the remainder of Mr. Curry's claim, we find the Secretary's decision, which the district court affirmed, to dismiss Mr. Curry's claim at his costs is neither manifestly erroneous nor an abuse of discretion.

DECREE
For the forgoing reasons, we modify the Secretary's decision to order a limited remand consistent with the views expressed in this opinion. In all other respects, the Secretary's decision dismissing Mr. Curry's claim at his costs is affirmed.
AFFIRMED IN PART; MODIFIED IN PART; AND REMANDED.
NOTES
[1] The offices of the commissioner of the Nineteenth Judicial District Court were created by La. R.S. 13:711. The commissioners hear and recommend the disposition of criminal and civil proceedings arising out of the incarceration of state inmates. La. R.S. 13:713. A commissioner's written findings and recommendations are submitted to a trial judge who may accept, reject, or modify them. Id.
[2] The second inventory sheet is dated March 20, 2004, which is months after the missing property claim at issue was filed. Mr. Curry does not mention this inventory sheet in his appeal.
[3] The CARP expressly provides that the trial court "may order that additional evidence be taken before the agency upon conditions determined by the court." La. R.S. 15:1177(A)(4).
[4] As noted above, Mr. Curry contends that he did not sign for or receive one itemthe hand brace that was inventoried on July 11, 2003. Given our decision to remand, his claim regarding the hand brace is not before us.
[5] Although Mr. Curry again relies on the July 11th inventory sheet regarding the hand brace, his claim regarding the hand brace is not before us.