**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0988

JAMES DAVIS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: ___**MAY 1 2 2021**___

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 691,731

The Honorable Janice Clark, Judge Presiding

* * * * *

James Davis                           In Proper Person
Angie, Louisiana


Deborah A. Rutledge                   Attorney for Defendant/Appellee
Baton Rouge, Louisiana                Louisiana Department of Public Safety
                                      and Corrections


* * * * *

BEFORE:   McDONALD, HOLDRIDGE, AND PENZATO, JJ.

Holdridge J. , concurs

**PENZATO, J.**

James Davis, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the district court's judgment that affirmed DPSC's final decision in administrative remedy procedure (ARP) No. RCC-2019-458 and dismissed his petition with prejudice. For the reasons that follow, we reverse the district court's judgment and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Davis is housed at Rayburn Correctional Center (RCC) in Angie, Louisiana. On February 22, 2019, Davis was issued a rule violation report for violating Rule 11 Aggravated Fighting and Rule 30-V General Prohibited Behaviors—Failing to Cooperate with an Investigation. Davis pled guilty to these rule violations and was sanctioned on February 25, 2019, to 90 days Disciplinary Segregation Level 1, Four Weeks Quarters Confinement, and Restitution in the amount of $10.00 for the fight exams. Under DPSC's Unit Specific For Offender Posted Policy (USOPP) #35 and #36, offenders housed on Disciplinary Segregation Level 1 are allowed to possess personal property in certain quantities. On April 24, 2019, an inventory was conducted of Davis's personal property. During the inventory, Davis refused to cooperate with the inventorying officers, refused to sign the inventory forms, and did not provide an address for the property to be sent home. The property was initially stored in the mailroom. On May 1, 2019, Form C-02-009-B, Incoming/Outgoing General Correspondence, Farm Mail and E-Mail Notice of Rejection (Notice of Rejection) was sent to Davis from the mailroom officer, stating the following:

> All items from your level 1 inventory were sent to the mailroom. The inventory states that you would like these items sent home, but you also refused to sign. You will need to send me something in writing stating you want them sent home, and provide me with an address to send them to.

2

On that same date, Davis signed a Legal Mail Receipt Log indicating that he had received the Notice of Rejection. Davis did not respond to the request for an address in the Notice of Rejection and the stored property was destroyed.[1]

Davis filed a complaint under the Louisiana Corrections and Administrative Remedy Procedure Act, La. R.S. 15:1171, *et seq.* (CARP), claiming that the destruction of his property was not outlined in any offender policy. RCC denied his relief at the first step of the administrative remedy procedure, and Davis responded that no policy dictated that his property be destroyed. The Department denied his relief at the second step. Thereafter, Davis filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC), requesting compensation for all items listed on his inventory forms; the necessary costs to obtain destroyed legal documents from the courts; an order to DPSC to provide adequate storage space for Disciplinary Segregation Level 1 offenders; and all other costs.[2] DPSC answered the petition stating that RCC does not have sufficient space to store property, that the procedure has been in place for years, and that Davis was given the option to mail his property home. The Commissioner[3] issued a report recommending that Davis's petition be dismissed with prejudice, concluding that the record did not support a finding that DPSC's decision was arbitrary, capricious, manifestly erroneous, or in violation of Davis's rights. After receiving Davis's traversal, the

---

[1] The record does not reflect the date upon which the property was actually destroyed.

[2] Besides naming DPSC as a defendant, Davis also named as defendants in his petition for judicial review James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, and Robert Tanner, Warden of RCC. However, the only proper defendant in an administrative appeal filed by a prisoner is the Louisiana Department of Public Safety and Corrections. *See* La. R.S. 15:1177(A)(1)(b); *Martinez v. Tanner*, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082 n.1, *writ denied*, 2011-2732 (La. 7/27/12), 93 So. 3d 597.

[3] The Office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); *see Martinez*, 79 So. 3d at 1084 n.3.

3

district court affirmed DPSC's decision and dismissed his petition with prejudice in a judgment signed July 10, 2020. It is from this judgment that Davis appeals.

## LAW AND DISCUSSION

Lost property claims by offenders are matters of prison administration or conditions of confinement that are governed by La. R.S. 15:1177 of CARP. *See Brown v. Louisiana Department of Public Safety and Corrections*, 2015-1958 (La. App. 1st Cir. 9/19/16), 277 So. 3d 326, 328. Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by an abuse of discretion, or unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Lightfoot v. Stalder*, 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, *writ denied*, 2001-2295 (La. 8/30/02), 823 So. 2d 957.

On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *McCoy v. Stalder*, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-51.

Davis asserts that RCC does not provide adequate storage of personal property for Disciplinary Segregation Level 1 offenders and any excess personal property

4

must either be sent home or destroyed, while Level 2 offenders are provided adequate storage space. He further maintains that the Inventory of Offender's Personal Property Form #3.1.2(N)-C (Form #3.1.2(N)-C) and RCC Directive #3.1.2(N)[4] afford an offender to have his property either placed in storage, sent home, or destroyed. However, he asserts that the inventorying officer struck through the option of adding excess property to storage, which is the reason Davis claims he refused to sign Form #3.1.2(N)-C. Davis admitted that he refused to sign Form #3.1.2(N)-C because he desired the option of storing his excess property as opposed to the choices given him—send the property home or have it destroyed. Davis alleges that Regulation C-03-007(B)[5] was also violated.

As we stated above, lost property claims are governed by La. R.S. 15:1177. A reviewing court may reverse or modify DPSC if a substantial right of the petitioner has been prejudiced. *Barnes v. Ducote*, 2011-2216 (La. App. 1st Cir. 6/12/12), 2012 WL 2130556, at *2 (unpublished). The substantial rights of an inmate were found to be prejudiced when personal property was not returned to an inmate, thereby entitling him to compensation. *Barnes*, 2012 WL 2130556, at *2; *see Truman v. Louisiana Department of Public Safety & Corrections*, 2015-1616 (La. App. 1st Cir. 12/15/18) (remanding to allow inmate to introduce inventory sheets regarding his

---

[4] RCC Directive #3.1.2(N) is not contained in the record. Davis addressed RCC Directive #3.1.2(N) in his traversal to the district court. Pursuant to CARP's statutory framework, the opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in procedure. *Lee v. Louisiana Department of Public Safety and Corrections*, 2017-0740 (La. App. 1st Cir. 12/21/17), 240 So. 3d 244, 247. However, if the district court determines that additional evidence is needed, it does have the authority to order the addition of such evidence at the administrative level. Thus, the district court must remand the case to the agency for the evidence to be introduced. *See* La. R.S. 15:1177(A)(4) & (A)(8); *Curry v. Cain*, 2005-2251 (La. App. 1st Cir. 10/6/06), 944 So. 2d 635, 639. Davis appears to quote from RCC Directive #3.1.2(N) in his appellate brief. This court has no ready means of ascertaining applicable departmental regulations and no such authority has been introduced into evidence. *See Anderson v. Louisiana Department of Public Safety & Corrections*, 2017-0987 (La. App. 1st Cir. 2/7/18), 242 So. 3d 614, 619.

[5] Regulation C-03-007(B) is also not contained in the record, and it does not appear that the regulation was referred to at the administrative level or that the district court reviewed the regulation in reference to the petition for judicial review.

lost property); *Curry*, 944 So. 2d at 638 (remanded to allow inmate to introduce inventory sheets regarding his lost property claim).

The appellate record in the present case provides insufficient support for the district court's conclusion that the denial of Davis's ARP was neither arbitrary, capricious, manifestly erroneous, or in violation of his rights. The district court relied upon USOPPs #35 and #36, which the Commissioner stated, "outline the type and amount of property that offenders housed on Disciplinary Segregation Level [1] may have" and RCC Directive #5.4.2(N), which provides, "Should an offender fail to provide postage for a package/letter within 21 days after being notified, it will be disposed of." The district court also relied on the DPSC's answer stating "[t]his procedure has been in effect for years and [Davis] was given the choice to mail his property home."

In response to step one, DPSC referred to USOPPs #35 and #36, outlined what each provided, and stated, "In complying with these policies, offenders are given the opportunity to have their excess property sent home or destroyed." Contained in the record is USOPP #36 which is a list of items allowed for the different areas of RCC, including "Extended Lockdown Level 1." With regard to legal papers, we note that an asterisk indicates that legal papers will be "[k]ept in a filing cabinet on tier." We also note that USOPP #36 refers to DPSC regulation No. IS-A-3, which is not contained in the record. USOPP #35 is a time schedule for the different areas of RCC and includes a list of some personal items that may or may not be kept, such as radios, hobby crafts, or writing materials. USOPP #35 refers to numerous DPSC regulations, none of which are contained in the record. Nothing contained in USOPPs #35 and/or #36 provides authority for RCC to destroy an inmate's property. DPSC also relies on RCC Directive #5.4.2(N), which contains a section titled "Outgoing Packages" that refers to the disposal of outgoing packages/letters following notification to an offender of lack of postage. However, RCC Directive

6

#5.4.2(N) makes no reference to personal property of inmates or legal papers, as it is specific to outgoing packages/letters lacking postage. Therefore, DPSC's reliance on RCC Directive #5.4.2(N), regarding outgoing packages, is misplaced. We find that the district court erred in finding that USOPPs #35 and #36 and RCC Directive #5.4.2(N) provided support for DPSC to destroy Davis's personal property.

DPSC also asserted that "[RCC] does not have sufficient space to store property. This procedure has been in effect for years and [Davis] was given the choice to mail his property home." As we noted with regard to RCC Directive #3.1.2(N), the opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in procedure. *Lee*, 240 So. 3d at 247. The district court has no authority to accept evidence or testimony at the hearing on review. *Curry*, 944 So. 2d at 639. However, if the district court determines that additional evidence is needed, it does have the authority to order the addition of such evidence at the administrative level. Thus, the district court must remand the case to the agency for the evidence to be introduced. *See* La. R.S. 15:1177(A)(4) & (A)(8); *Curry*, 944 So. 2d at 639. Judicial review of an adverse agency decision is available under CARP, but is "confined to the record," as developed by the administrative proceedings. La. R.S. 15:1177(A)(5); *Boddye v. Louisiana Department of Public Safety and Corrections*, 2010-1008 (La. App. 1st Cir. 12/22/10), 2010 WL 5465633, at *1 (unpublished). DPSC has not set forth any statute, rule, promulgated policy, or regulation authorizing its practice of destroying the personal property of an inmate. *See Anderson*, 242 So. 3d at 618; *Menesses v. Louisiana Department of Public Safety & Corrections*, 2017-0386 (La. App. 1st Cir. 11/16/17), 2017 WL 5494595, at *2. Furthermore, this court has no ready means of ascertaining applicable departmental

7

regulations and no such authority has been brought to this court's attention. *Anderson*, 242 So. 3d at 619.

We also note that the Form #3.1.2(N)-C, listing the inventory of Davis's personal property, contained the typed headings "ADDED TO STORED PROPERTY," "REMOVE FROM STORED PROPERTY," and "PROPERTY SEAL #s." These headings were all scratched out and handwritten over to state "ITEMS SEND HOME." The heading "ITEMS SEND HOME OR DESTROYED" had the "SEND HOME" circled. Davis asserted in his petition for judicial review that he refused to sign Form #3.1.2(N)-C because the form specifically provided him the option to store his excess property, which he desired to do. Davis maintains on appeal that he did not sign the inventory form because the inventorying officer struck through the option of adding the excess property to his storage. DPSC has not set forth any statute, rule, promulgated policy, or regulation authorizing its practice of destroying the personal property of an inmate rather than providing storage. *See Anderson*, 242 So. 3d at 618-19. In contrast to the present case, in *Lewis v. Louisiana Department of Public Safety & Corrections*, 2019-1693 (La. App. 1st Cir. 8/5/20), ___ So. 3d ___, 2020 WL 4498170, at * 2, *writ denied*, 2021-00158 (La. 3/9/21), 2021 WL 869070, the agency had a specific policy that required inmates in extended lockdown to send their property home or have it destroyed. No such policy has been introduced into the record before us. Furthermore, we note that DPSC has not filed a brief with this court.

Having concluded that the district court erred in finding that DPSC's action was neither arbitrary, capricious, manifestly erroneous, or in violation of Davis's rights, we pretermit any discussion as to Davis's second assignment of error that he was provided inadequate notice that his property would be destroyed. This matter is remanded to the district court for consideration of the merits of Davis's claims, following remand to DPSC to obtain the addition of necessary evidence at the

administrative level, and the basis of DPSC's authority, if any, to destroy Davis's property due to lack of storage space at RCC.

## CONCLUSION

For the foregoing reasons, the July 10, 2020 judgment of the district court dismissing the petition for judicial review filed by James Davis is reversed, and this matter is remanded to the district court with instructions for the court to consider the claims raised therein following remand to the Louisiana Department of Public Safety and Corrections to obtain the addition of necessary evidence at the administrative level. All costs of this appeal, in the amount of $726.50, are to be paid by the Louisiana Department of Public Safety and Corrections.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**