HIGGINBOTHAM, J.
| Jn this appeal, Gary Boudreaux challenges the district court’s judgment dismissing his motion for reconsideration. Specifically, Mr. Boudreaux contends that the district court erred in not allowing his writ of mandamus to be converted to a petition for judicial review.
FACTS AND PROCEDURAL HISTORY
On July 15, 2015, Mr. Boudreaux, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), filed a writ of mandamus in the Nineteenth Judicial District Court to compel DPSC to respond to his lost personal property claim that he filed on February 2, 2015. In his lost property claim, Mr. Boudreaux contends that his personal hobbycraft, including several tools, was lost. After being served with Mr. Boudreaux’s mandamus request, DPSC accepted his lost property claim on July 31, 2015, and stated that it would respond *65 within forty days. While waiting on a response from DPSC, on October 1, 2015, Mr. Boudreaux filed an amended petition requesting that in the interest of judicial economy his writ of mandamus be converted into a petition for judicial review. Specifically, Mr. Boudreaux claimed that DPSC had deliberately refused to consider his Administrative Remedy Procedure (“ARP”) claim, and he submitted that he was therefore legally entitled to move on to the next step in the judicial review, process. On November 13, 2015, DPSC sent Mr. Boudreaux a response denying his lost property claim. According to Mr. Boudreaux, he then proceeded to the second step in the administrative process on November 16, 2015. However, the record before us does not contain any ruling or action, pending or otherwise, taken by the secretary of DPSC.
On January 27, 2016, DPSC filed an exception of lack of subject matter jurisdiction asserting that because DPSC had answered Mr. Boudreaux’s lost property claim as requested, the mandamus request was moot, and thus the district Rcourt no longer had subject matter jurisdiction. Mr. Boudreaux responded and again requested that the court consider his motion to convert his writ of mandamus into a petition for judicial review.
The action was initially referred to the Commissioner for judicial screening pursuant to La. R.S. 15:1178 and La. R.S. 15:1188. On April 4, 2016, the Commissioner issued a screening report finding that the mandamus request was moot leaving the district court without subject matter jurisdiction to further entertain the suit. Therefore, the Commissioner recommended that Mr. Boudreaux’s suit be dismissed, but that the cost of the suit be borne by DPSC because of its failure to timely complete the administrative process necessitated Mr. Boudreaux’s suit for mandamus.
After de novo review of the entire record, including the Commissioner’s screening report and Mr. Boudreaux’s timely filed traversal, the district court rendered judgment on May 4, 2016, adopting the recommendations set forth in the Commissioner’s screening report, dismissing the matter without prejudice, and assessing all costs to DPSC. Thereafter, Mr. Boudreaux filed a motion for reconsideration[1] of the May 4,2016 judgment contending, that the district court did not consider his request to convert his writ of mandamus to a petition for judicial review.
I ,tThe Commissioner’s screening report on the motion for reconsideration recommended that Mr. Boudreaux’s motion be denied because Mr. Boudreaux should have filed a petition for judicial review within thirty days of receiving his second step response as allowed by La. R.S. 15:1177(A), and he did not do so. Furthermore, the Commissioner pointed out that because it had twice considered and denied Mr. Boudreaux’s request to convert his mandamus application to a petition for judicial review, his motion for reconsidera *66 tion should likewise be denied. On May 25, 2016, the district court signed a judgment denying Mr. Boudreaux’s motion for reconsideration. It is from this judgment that Mr. Boudreaux appeals, contending that the district court erred in not converting his writ of mandamus into a petition for judicial review.
LAW AND ANALYSIS
Procedures set out in the Corrections Administrative Remedy Procedure (CARP) provide the exclusive remedy available to inmates that arise while an offender is within the custody of DPSC with appellate review first at the district court and then the court of appeal. See La. R.S. 15:1171 (B) and La. R.S. 15:1177(A)(10). The district court is precluded from entertaining an inmate’s ARP complaint until he has exhausted the remedies provided to him by the ARP process. See La. R.S. 15:1172(B) and (C). If suit is filed prior to exhaustion of administrative remedies, the district court lacks jurisdiction over the matter, and the suit shall be dismissed without prejudice. See La. R.S. 15:1184(A)(2) and La. R.S. 15:1172(C); Rochon v. Young, 2008-1349 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, 892, writ denied, 2009-0745 (La. 1/29/10), 25 So.3d 824, cert. dismissed, 560 U.S. 921, 130 S.Ct. 3325, 176 L.Ed.2d 1216 (2010).
Section 325 of Title 22, Part I, of the Louisiana Administrative Code (LAC) outlines the rules and procedures to be followed in formally addressing inmate complaints under the general ARP process. Further procedures are provided for the |Btime period after the grievance has been accepted by the DPSC. See LAC 22:1.325(J). While Section 325(J) entitles an inmate to move to the next step in the administrative process upon expiration of the time limits for the DPSC’s response, the general ARP procedure does not apply to lost property claims. Rather, lost property claims are handled through a specialized administrative remedy procedure, and the procedure for lost property claims has no similar provisions setting forth deadlines within which the DPSC must act or for allowing the inmate to proceed to the next step at the expiration of any particular time limit. See LAC 22:1.325(I)(1)(b)(ii); 325(K)(1), and 325(L); Foster v. Louisiana Dept. of Public Safety & Corrections ex rel. Louisiana State Penitentiary, 2012-0349 (La.App. 1 Cir. 11/2/12), 2012 WL 5386608, **2-3 (unpublished), writ denied, 2013-0070 (La. 5/24/13), 117 So.3d 100.
The specialized rules governing lost property claims also require compliance with a second-step review process before an inmate can proceed with filing a suit. Specifically, the specialized lost property rules provide that an inmate who is not satisfied with a lost property claim resolution should indicate such “by checking the appropriate box on the lost personal property claim response” and then submit this to the screening officer within five days. The screening officer is then obligated to forward the claim to the chief of operations/office of adult services for review. LAC 22:1.325(L)(l)(d); Foster, 2012 WL 5386608, *3 n.8.
The record clearly reflects that at the time Mr. Boudreaux requested that his writ of mandamus be converted into a petition for judicial review, his lost property claim had been accepted, and his administrative remedy process was ongoing, but had not yet been completed. Mr. Bou-dreaux did not complete the administrative remedy appeal process provided to him by DPSC’s lost property claim rule and CARP, La. R.S. 15:1171, et seq,, prior to filing his request to convert his mandamus application into a petition for judicial review. Thus, the district court was without *67 | ^jurisdiction to consider a petition for judicial review and correctly dismissed Mr. Boudreaux’s petition and denied his motion for reconsideration.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. Costs of this appeal are assessed against appellant, Gary Boudreaux.
AFFIRMED.

. Mr. Boudreaux's motion for reconsideration should be treated as a motion for new trial. See Pouncy v. Winn-Dixie Louisiana, Inc., 2014-496 (La. App. 5th Cir. 9/24/14), 150 So.3d 909, 912. Pursuant to La. Code Civ. P. art 1972, a new trial shall be granted upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.