STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0582

DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C., CRAIG M. LANDWEHR, M.D., L.L.C., AND CRAIG M. LANDWEHR, M.D., IN HIS CAPACITY AS A TRUSTEE OF THE DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C. PROFIT SHARING PLAN & TRUST

VERSUS

PATRICK VERNON BREEN, RYAN MICHAEL BREEN, DEVIN THOMAS BREEN, BRIDGET BREEN DUNBAR, SEAN MICHAEL BREEN, KACIE BREEN, INDIVIDUALLY AND IN HER CAPACITY AS TUTOR OF THE MINOR CHILD AIDEN BREEN, HUB INTERNATIONAL GULF SOUTH LIMITED, A DIVISION OF HUB INTERNATIONAL MIDWEST LIMITED, MERRILL LYNCH, FENNER AND SMITH, INC., AND WAYNE E. BREEN, M.D., LLC

**CONSOLIDATED WITH**

2019 CA 0583

IN THE MATTER OF THE
SUCCESSION OF WAYNE EDMOND BREEN

Judgment Rendered:  **MAY 1 1 2020**

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2015-12925
Consolidated with Trial Court No. 2015-30176

Honorable William H. Burris, Judge Presiding[1]

* * * * * * *

Antonio Le Mon                    Attorney for Intervenor/Appellant,
Covington, Louisiana              Aaron Dylan Knapp

---

[1] The Honorable Scott Gardner signed one of the judgments at issue in this appeal prior to the consolidation of the actions at the trial court.

Sean Michael Breen
Mandeville, Louisiana

In Proper Person

Richard L. Ducote
Covington, Louisiana

Attorney for Appellee,
Kacie Breen

\* \* \* \* \* \*

**BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

This is an appeal from an August 29, 2017 judgment granting Kacie Breen's exception of res judicata and a May 23, 2018 judgment denying a motion for reconsideration. For the following reasons, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2015, Kacie Breen shot and killed her husband, Wayne Breen, a St. Tammany Parish physician. Mrs. Breen maintained that she acted in self-defense; she has never been arrested, charged, indicted, or prosecuted for her husband's death. Dr. Breen was survived by Mrs. Breen, their minor son, five adult children from a prior marriage ("adult Breen children"), and an adult son from an extra-marital relationship (Aaron Dylan Knapp, hereafter "Knapp").

Dr. Breen's death generated a number of lawsuits.[2] Relevant hereto, Mrs. Breen instituted succession proceedings in the 22nd Judicial District Court for the Parish of St. Tammany. In addition, a concursus proceeding was instituted to determine the proper recipient of the profit sharing/pension benefits for Dr. Breen's medical practice.[3] On August 12, 2015, the adult Breen children filed a petition in the succession proceeding seeking to have Mrs. Breen declared an unworthy successor pursuant to La. C.C. art. 941.[4] While the petition for declaration of unworthiness was pending, a federal suit was initiated by two life insurance companies to settle claims to the proceeds of two policies taken out by Dr. Breen

---

[2] In addition to a number of writs, two appeals have previously been before this court. See *Breen v. Holmes*, 2016-1591 (La. App. 1 Cir. 12/7/17), 236 So. 3d 632, writ denied, 2018-0049 (La. 3/2/18), 269 So. 3d 708; *Matter of Succession of Breen*, 2018-0003 (La. App. 1 Cir. 12/13/18), 2018 WL 6567356 (unpublished), writ denied, 2019-0292 (La. 4/8/19), 267 So. 3d 617.

[3] By consent judgment signed December 7, 2015, the concursus proceeding was consolidated with the succession proceeding.

[4] Louisiana Civil Code article 941 provides:

> A successor shall be declared unworthy if he is convicted of a crime involving the intentional killing, or attempted killing, of the decedent or is judicially determined to have participated in the intentional, unjustified killing, or attempted killing, of the decedent. An action to declare a successor unworthy shall be brought in the succession proceedings of the decedent.

3

naming Mrs. Breen as beneficiary. See *Pruco Life Insurance Company v. Breen*, 289 F. Supp. 3d 777 (E.D. La. 2017), aff'd, 734 F. Appx. 302 (5th Cir. 2018) (per curiam). The adult Breen children and the administratrix of Dr. Breen's estate opposed Mrs. Breen's receipt of the life insurance proceeds pursuant to La. R.S. 22:901(D)(1), which provides in pertinent part that:

> D. (1) No beneficiary...under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary... is either:
>
> (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
>
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

Following a trial, the federal district court found that the adult Breen children and the adminstratrix did not meet their burden under La. R.S. 22:901(D)(1)(b) that Mrs. Breen "participated in the intentional, unjustified killing of the individual insured, i.e., her husband." *Id.* at 798. Because Mrs. Breen was the named beneficiary, the court ruled that she was entitled to the life insurance proceeds. *Id* at 799.

Following the rendition of the federal court judgment, Mrs. Breen filed a peremptory exception of res judicata as to the petition to declare her an unworthy successor filed by the adult Breen children in the succession proceeding. Mrs. Breen argued that the federal court judgment was a final and valid judgment on the merits of her justified lethal self-defense claim, and that the petition for declaration of unworthiness was now barred by res judicata. In addition, Mrs. Breen filed a motion for attorney fees pursuant to La. R.S. 9:2800.19, asserting that she was immune from civil action for her use of reasonable and apparently necessary or deadly force or violence.[5]

---

[5] Louisiana Revised Statutes 9:2800.19 provides:

4

The matter came for hearing on August 17, 2017, at which time the trial court granted Mrs. Breen's exception raising the objection of res judicata.[6] A judgment was signed on August 29, 2017, which provides:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Kacie Breen's exception of *res judicata* is maintained, and, accordingly, Sean Breen's claims that Kacie Breen is an unworthy successor under C.C. 941 are dismissed with prejudice; and
>
> IT IS FURTHER ORDERED that Kacie Breen's motion for R.S. 9:2800.19 relief is continued, to be reset for a hearing on a later date.

On December 29, 2017, Mrs. Breen filed a motion for summary judgment in the concursus proceeding, asserting that she was entitled to the profit sharing/pension benefits because the August 29, 2017 judgment in the succession proceeding sustaining her exception of res judicata foreclosed any legally viable claims to disqualify her as a beneficiary. On March 14, 2018, Sean Breen filed a motion for reconsideration of the August 29, 2017 judgment, which he argued was interlocutory in nature. On May 10, 2018, Mrs. Breen's motion for summary judgment and Sean Breen's motion for reconsideration came for hearing. The motion for reconsideration was denied; the motion for summary judgment was granted. On May 23, 2018, the trial court signed a single "Judgment and Incorporated Written Reasons for Judgment" that included rulings on matters

---

A. A person who uses reasonable and apparently necessary or deadly force or violence for the purpose of preventing a forcible offense against the person or his property in accordance with R.S. 14:19 or 20 is immune from civil action for the use of reasonable and apparently necessary or deadly force or violence.

B. The court shall award reasonable attorney fees, court costs, compensation for loss of income, and all expenses to the defendant in any civil action if the court finds that the defendant is immune from suit in accordance with Subsection A of this Section.

[6] Prior to the hearing, four of the adult Breen children dismissed their allegations of unworthiness pursuant to La. C.C. art. 941. Thus, the hearing proceeded only with regard to Sean Breen's claims.

related to both the succession proceeding and the concursus proceeding.[7] Relevant hereto, the May 23, 2018 judgment denied the motion for reconsideration of the August 29, 2017 Judgment.

Sean Breen and Knapp appealed.[8] The instant appeal concerns the August 29, 2017 judgment and the trial court's denial of the motion for reconsideration contained in its May 23, 2018 judgment.[9]

Mrs. Breen filed a motion to dismiss the appeal in this court as untimely, arguing that the August 29, 2017 judgment constituted a final judgment pursuant to La. C.C.P. art. 1915(A)(4), which provides:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> ***
> (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

By order dated August 19, 2019, the motion to dismiss appeal was referred to this panel as the panel to which the appeal was assigned.

On February 3, 2020, Knapp filed a peremptory exception of nonjoinder of an indispensable party in pleadings filed in this court. Because we find that this court lacks appellate jurisdiction, we pretermit consideration of Knapp's exception, which may be raised in proceedings below. See *Hernandez v. Excel Contractors, Inc.*, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So. 3d 278, 282.

---

[7]Although consolidation of actions for trial is expressly authorized by La. C.C.P. art. 1561, nothing in the statute, or any other codal authority of which we are aware, authorizes a consolidation of judgments. Customarily, trial courts render separate judgments in consolidated cases. *Darouse v. Mamon*, 201 So. 2d 362, 364 (La. App. 1 Cir. 1967).

[8] Knapp filed a petition of intervention in the concursus proceeding on February 26, 2016.

[9] A second consolidated appeal is pending before the court in 2019 CA 0584 c/w 2019 CA 0585. That appeal involves the remainder of the May 23, 2018 judgment granting the motion for summary judgment filed by Mrs. Breen in the concursus proceeding and an August 24, 2018 judgment denying a motion for new trial. Motions to consolidate the appeals were denied by orders dated October 9, 2019 and February 18, 2020.

# JURISDICTION

Before reaching the merits of this appeal, we have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc).

At the outset, we note that Sean Breen's motion for reconsideration should be treated as a motion for new trial. See *Boudreaux v. Louisiana Department of Public Safety and Corrections*, 2016-0995 (La. App. 1 Cir. 6/2/17), 222 So. 3d 63, 65, n.1. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. C.C.P. art. 2083(C); *Hickman v. Exxon Mobil Corp.*, 2017-0235 (La. App. 1 Cir. 7/18/18), 255 So. 3d 1097, 1101, writ denied, 2018-1463 (La. 11/20/18), 256 So. 3d 996. However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. *Id.*

Thus we must determine whether we have jurisdiction over the August 29, 2017 judgment. Because our jurisdiction extends only to "final judgments," see La. C.C.P. art. 2083(A), this court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.,* 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So. 3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. For a judgment to be a final judgment, it must contain appropriate decretal language. *Matter of Succession of Weber*, 2018-1337 (La. App. 1 Cir. 4/29/19), 276 So. 3d 1021, 1026. For the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* at 1026-27. These

determinations should be evident from the language of the judgment without reference to other documents in the record. *Advanced Leveling*, 268 So. 3d at 1046.

The August 29, 2017 judgment dismisses "Sean Breen's claims that Kacie Breen is an unworthy successor under C.C. 941." The judgment does not indicate that the incidental demand was dismissed in its entirety or that all of Sean Breen's claims were dismissed. Other documents in the record, including the August 12, 2015 petition, must be considered to make that determination. Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling on which this appeal is based is not a final appealable judgment. See *DeVance v. Tucker*, 2018-1440 (La. App. 1 Cir. 5/31/19), 278 So. 3d 380, 382.[10] Further, to the extent that the August 29, 2017 judgment is a partial judgment, it lacks designation as a final judgment by the court after an express determination that there is no just reason for delay as required by La. C.C.P. art. 1915(B) to constitute a final judgment for the purpose of an immediate appeal.[11]

Mrs. Breen's motion to dismiss the appeal is denied as moot.

---

[10] Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Succession of Jaga*, 2016-1291 (La. App. 1 Cir. 9/15/17), 227 So. 3d 325, 328, n.2. Because the appeal was not filed within thirty days of the notice of judgment, the motion for appeal cannot be considered a timely filed application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3. Accordingly, we decline to convert the appeal to an application for supervisory writs.

[11] The May 23, 2018 judgment provided that, "the preceding judgments are final and immediately appealable pursuant to La. C.C.P. Art. 1915." We do not find this sufficient to convert the August 29, 2017 judgment into a final judgment for the purpose of an immediate appeal.

8

## CONCLUSION

For the foregoing reasons, we dismiss the instant appeal. Aaron Dylan Knapp's exception raising the objection of nonjoinder of an indispensable party is pretermitted, and the motion to dismiss appeal filed by Kacie Breen is denied as moot. Costs of this appeal are assessed against Sean Breen.

**EXCEPTION PRETERMITTED; MOTION TO DISMISS DENIED AS MOOT; APPEAL DISMISSED.**