STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1518


VICTOR COVINGTON

VERSUS

DARRYL VANNOY

Judgment Rendered: **AUG 0 3 2020**

* * * * *


On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 676,653

The Honorable R. Michael Caldwell, Judge Presiding


* * * * *

| | |
|---|---|
| Victor Covington<br>Louisiana State Penitentiary<br>Angola, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Heather C. Hood<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |


* * * * *


BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Higginbotham, J. Concurs,

**PENZATO, J.**

Appellant, Victor Covington, an inmate in the custody of the Louisiana Department of Public Safety and Corrections[1] (DPSC), housed at the Louisiana State Penitentiary in Angola, Louisiana, appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. Based on our review of the record, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

Covington claims that on December 16, 2016, he was transferred from the main prison administrative sequestration to Camp C Wolf Unit with his personal property being stored in two sealed locker boxes. A few days later, on December 22, 2016, he was "written-up" and placed in administrative/sequestration. When Covington was "Returned to Quarters" on December 28, 2016, he claims that even though he signed a Personal Property Storage Documentation (PPSD) form, he did not notice that one of his locker boxes was not returned to him. On January 17, 2017, Covington filed lost property claim No. LSP-2017-0170 with the warden, wherein he detailed the items that he asserted were lost. DPSC denied Covington's lost property claim on April 25, 2017. On May 31, 2017, Covington signed a receipt indicating that he had received the first step response from the warden. On November 27, 2018, he filed this petition for judicial review in the Nineteenth Judicial District Court (19th JDC), seeking review of his lost property claim and asserting he was entitled to reimbursement for his lost property. Initially, the 19th JDC Commissioner[2] (Commissioner) issued a screening report recommending that

---

[1] Covington named as defendant in his petition for judicial review, Darryl Vannoy, Warden of the Louisiana State Penitentiary. However, the only proper defendant in this appeal is DPSC. *See* La. R.S. 15:1177(A)(1)(b); *Martinez v. Tanner*, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082 n.1, *writ denied*, 2011-2732 (La. 7/27/12), 93 So. 3d 597.

[2] The office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); *see Martinez*, 79 So. 3d at 1084 n.3.

Covington's petition be dismissed with prejudice for failing to exhaust his administrative remedies by not showing he had filed an appeal to the second step respondent within five days of May 31, 2017. Following the Commissioner's screening report, Covington filed a traversal asserting that he had indeed timely filed the second step. He attached to the traversal a form dated June 1, 2017, indicating that he was not satisfied with the warden's decision and reasoning. Thereafter, the Commissioner remanded the matter to DPSC for second step consideration.

On May 9, 2019, DPSC filed a notice of compliance providing a copy of the second step response to Covington's lost property claim dated April 28, 2019, denying the lost property claim. DPSC asserted that Covington signed the PPSD form on December 22, 2016, indicating that he stored one locker box with tamper proof seal #138411. DPSC pointed out that on December 28, 2016, Covington signed the same PPSD form indicating that he had received his stored property— one locker box with the same tamper proof seal.

Subsequently, the Commissioner issued an amended report finding that DPSC was not arbitrary, capricious, manifestly erroneous, or in violation of Covington's rights when it found insufficient evidence to warrant relief. Thus, he recommended that Covington's claim be dismissed with prejudice. Covington filed a traversal to the Commissioner's amended report and recommendation. After a *de novo* review of the record, on June 5, 2019, the district court adopted the recommendation of the Commissioner and signed a judgment affirming DPSC's decision denying Covington's lost property claim and dismissing his petition for judicial review with prejudice. It is from this judgment that Covington appeals.

## DISCUSSION

Covington argues on appeal that DPSC should have reviewed security tapes to determine what happened to his locker box. He further claims that DPSC committed fraud on the court by changing its argument as to the whereabouts of his

3

locker box. Covington also asserts that the district court erred in permitting the matter to be remanded for a second step response by DPSC.

Judicial review of inmate lost property claims is governed by La. R.S. 15:1177 of the Louisiana Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171 *et seq. Curry v. Cain*, 2005-2251 (La. App. 1st Cir. 10/6/06), 944 So. 2d 635, 638. Accordingly, a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) In violation of constitutional or statutory provisions.

(b) In excess of the statutory authority of the agency.

(c) Made upon unlawful procedure.

(d) Affected by other error of law.

(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

La. R.S. 15:1177(A)(9); *Lightfoot v. Stalder*, 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, *writ denied*, 2001-2295 (La. 8/30/02), 823 So. 2d 957. On review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Addison v. Louisiana Dep't of Corr.*, 2015-1069 (La. App. 1st Cir. 2/26/16), 191 So. 3d 1077, 1078; *McCoy v. Stalder*, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-51.

Covington is seeking to be reimbursed for his lost personal property. He claims that after being transferred back to his camp from administrative segregation, he realized he signed the form for one locker box when he should have had two locker boxes. DPSC's second step response outlines its review and investigation. DPSC indicated that on December 22, 2016, a PPSD form was completed showing that Covington had one locker box stored with tamper proof seal #138411. On December 28, 2016, Covington signed the PPSD form, which states, "I, the undersigned, hereby acknowledge receipt of my property and acknowledge that the tamper proof seal which was placed on my property was returned to me." Additionally, the second step response noted that Colonel Jeremy McKey, who originally responded to Covington's lost property claim, stated that he had never been contacted by Covington about the lost property, that Covington signed the PPSD form when the property was delivered to him, and that one locker box was delivered to Covington, while one locker box was stored. Therefore, only one locker box was noted on the PPSD form. DPSC noted that it had no reason to doubt the credibility of Colonel McKey and found that Covington had not shown that a loss actually occurred.

We note that Covington admitted both in the administrative record and in brief to this court that he signed the PPSD form indicating that he had received his property. Notably, Covington did not offer any evidence to rebut the statement of Colonel McKey that the reason only one locker box was returned to him was because only one locker box was originally stored. Covington points to no requirement, and we know of none, that DPSC must review security tapes to determine what occurred to an alleged second locker box. Louisiana Administrative Code (LAC) Title 22, Part I, § 325(L)(1)(b) requires an employee of DPSC to investigate a lost property claim. However, we find no requirement as to the specific type of investigation that is required. Furthermore, this court has no authority to order DPSC to conduct an

5

investigation. *Haynes v. Cain*, 2011-2260 (La. App. 1st Cir. 6/8/12), 2012 WL 2061461, at *1. Both the first step response and the second step response indicated that DPSC investigated Covington's claim and found the claim unsubstantiated. Therefore, we do not find that the district court committed error in affirming the findings of DPSC without requiring the review of security tapes.

Covington also claims that DPSC committed fraud by submitting false information to the court and by changing its arguments in the second step response. We do not agree that DPSC changed its arguments. In the original administrative record, at the first step, DPSC indicated that Colonel McKey stated that Covington signed the PPSD form for one locker box because one locker box had been delivered. The PPSD form signed by Covington for one locker box is also contained in the administrative record. We do not find the second step response to be materially different from the original administrative record. Therefore, we do not find that fraud was committed by DPSC on the district court.

Covington asserts that his claims should have been granted when DPSC did not provide a second step response, and the district court erred in permitting the matter to be remanded so DPSC could provide a second step response that was a "cover-up of [his] valid claim."

Louisiana Administrative Code, Title 22, Part I, § 325 outlines the rules and procedures to be followed in formally addressing inmate complaints under the general ARP process. Further procedures are provided for the time period after the grievance has been accepted by the DPSC. *See* LAC 22:1.325(J). While Section 325(J) entitles an inmate to move to the next step in the administrative process upon expiration of the time limits for the DPSC's response, the general ARP procedure does not apply to lost property claims. Rather, lost property claims are governed by a specialized administrative remedy procedure, and the procedure for lost property claims has no similar provisions setting forth deadlines within which the DPSC must

act or for allowing the inmate to proceed to the next step at the expiration of any particular time limit. *See* LAC 22:1.325(I)(1)(b)(ii); 325(K)(1), and 325(L); *Boudreaux v. Louisiana Dep't of Pub. Safety & Corr.*, 2016-0995 (La. App. 1st Cir. 6/2/17), 222 So. 3d 63, 66.

The specialized rules governing lost property claims also require compliance with a second step review process before an inmate can proceed with filing a suit. Specifically, the specialized lost property rules provide that an inmate who is not satisfied with a lost property claim resolution should indicate such "by checking the appropriate box on the lost personal property claim response" and then submit the form to the screening officer within five days. The screening officer is then obligated to forward the claim to the chief of operations/office of adult services for review. LAC 22:1.325(L)(1)(d); *Boudreaux*, 222 So. 3d at 66.

The district court was not required to grant Covington's claim as he argues. Because lost property claims do not have specific deadlines within which DPSC must act or for allowing the inmate to proceed to the next step at the expiration of any particular time limit, the district court did not err in remanding the matter to DPSC to complete the second step. *See* LAC 22:1.325(I)(1)(b)(ii); 325(K)(1), and 325(L); *Boudreaux*, 222 So. 3d at 66.

Based on our thorough review of the administrative record, we conclude that the documentary evidence and the statement of the officer involved do not support Covington's claim. Given that the record clearly supports the decision, we conclude that DPSC's decision finding there was no evidence to substantiate the loss was neither arbitrary, capricious, or manifestly erroneous. A reviewing court's function is not to weigh *de novo* the available evidence and to substitute its judgment for that of the agency. *Save Ourselves, Inc. v. Louisiana Environmental Control Commission*, 452 So. 2d 1152, 1159 (La. 1984). The evidence in the record supports a reasonable finding that Covington received all of his property. Covington

7

requested to be compensated for his lost property. We agree with the district court that Covington did not carry his burden of proof as to his lost property claim; therefore, he is not entitled to any compensation.

## CONCLUSION

Based on the foregoing, the June 5, 2019 judgment of the district court, which dismissed the petition for judicial review with prejudice, is affirmed. Costs of this appeal are assessed against plaintiff, Victor Covington.

**AFFIRMED.**