STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0481

ERIC HAMILTON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **MAY 2 6 2021**

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C693116

Honorable Timothy E. Kelley, Judge Presiding

* * * * * *

Eric Hamilton
Angola, Louisiana

Plaintiff/Appellant
In Proper Person

Jonathan R. Vining
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Department of Public Safety
and Corrections

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, McCLENDON, LANIER, AND HESTER, JJ.

*Guidry, J. Dissents and assigns reasons*

*Hester, J. Dissents*

**McCLENDON, J.**

In this appeal, the plaintiff challenges the district court's screening judgment, which dismissed his petition for judicial review for lack of subject matter jurisdiction based on the failure to exhaust administrative remedies. For the following reasons, we reverse the judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Eric Hamilton, an inmate in the custody of the Department of Public Safety and Corrections at the Louisiana State Penitentiary at Angola (Department), completed a lost property claim form on November 14, 2019, stating that upon his return to Angola on November 13, 2019, he learned that two locker boxes containing his personal property had been lost or misplaced. The Department acknowledged receipt of Hamilton's claim on December 13, 2019, and on December 18, 2019, it informed Mr. Hamilton that his request for relief had been rejected because it was untimely filed. Specifically, the Department stated that Mr. Hamilton had ten days from the date of the loss, which he identified as November 13, 2019, to file his claim, and because his claim was "received in this office on 12/13/19," it was untimely.

After receiving the Department's response, Mr. Hamilton filed a petition for judicial review of the Department's decision. In his petition, Mr. Hamilton specifically asserted that on November 14, 2019, he submitted a lost property claim via the Farm Mail, but that he was "*not provided a receipt* or any reliable method for proving the date he submitted his Lost Property Claim." Mr. Hamilton stated that his claim was timely submitted within the required ten days, but that, between November 14, 2019, and December 13, 2019, his lost property claim "languished somewhere" between the Farm Mail box and the Department's mailroom before it was picked up by the mail department's employees. Mr. Hamilton further alleged that the Department has failed to implement a method of providing to prisoners "a meaningful way to carry their burden of proof" to show that their lost property claims are timely submitted and that because of the Farm Mail deficiencies, the Department has not provided a meaningful

remedy to inmates as required by the Louisiana Administrative Code.[1] Therefore, according to Mr. Hamilton, the decision to reject his lost property claim was arbitrary and capricious, unreasonable, and an abuse of discretion.[2]

Thereafter, pursuant to the screening requirements found in LSA-R.S. 15:1178 and R.S. 15:1184-88, a commissioner with the district court screened Mr. Hamilton's petition to determine if Mr. Hamilton stated a cause of action or cognizable claim and whether the district court had subject matter jurisdiction. As a result of the screening, the commissioner stated it was constrained to find that Mr. Hamilton failed to exhaust his administrative remedies prior to filing his petition for judicial review, and, as such, the district court lacked subject matter jurisdiction to consider the merits of his claim.

Thereafter, following a *de novo* consideration of the pleadings and Mr. Hamilton's traversal, the district court signed a judgment adopting the commissioner's written recommendation and ordering that Mr. Hamilton's petition for judicial review be dismissed, with prejudice, for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies. Mr. Hamilton appealed.

## DISCUSSION

Section 325 of Title 22, Part 1 of the Louisiana Administrative Code outlines the rules and procedures to be followed in formally addressing inmate complaints under the general Administrative Remedy Procedure (ARP) process. However, the general ARP procedure does not apply to claims for lost property. Rather, there are specialized administrative remedy procedures in place for lost property claims. See LAC 22:1.325I(1)(c)(i)(b)(ii); LAC 22:1.325L; **Dillon v. Department of Public Safety and Corrections**, 20-0484 (La.App. 1 Cir. 12/30/20), ___ So.3d ___, ___.

Specific to lost property claims, LAC 22:1.325L provides in pertinent part:

1. The purpose of this section is to establish a uniform procedure for handling lost property claims filed by offenders in the custody of the Department of Public Safety and Corrections. Each warden is responsible for ensuring that appropriate unit written policy and procedures are in

---

[1] Mr. Hamilton refers to the purpose of the administrative remedy procedure that "offenders shall receive reasonable responses and where appropriate, meaningful remedies." See LAC 22:1.325D(3).

[2] Mr. Hamilton also alleged that the deprivation of his personal property without a proper procedure for review is "violative of substantive and procedural due process in violation of La. Const. Art. 1, Section 2 and U.S.C.A. 14."

place to comply with the provisions of this procedure and for advising offenders and affected employees of its contents.

> a. When an offender suffers a loss of personal property, he may submit a lost personal property claim (form B-05-005-A) to the warden or designee. The claim shall include the date the loss occurred, a full statement of the circumstances which resulted in the loss of property, a list of the items which are missing, the value of each lost item and any proof of ownership or value of the property available to the offender. **All claims for lost personal property must be submitted to the warden or designee within 10 days of discovery of the loss.**

(Emphasis added).

In this matter, the record shows that Mr. Hamilton alleged that he **submitted** his lost property claim on November 14, 2019, via the Farm Mail. However, the record reveals only that the Department did not **receive** the claim within ten days. Further, the record is devoid of any finding by the Department, the commissioner, or the district court as to when Mr. Hamilton's claim was submitted.[3] Given the inadequacy in the record, we cannot determine if Mr. Hamilton timely submitted his claim for lost property. Under these circumstances, we must reverse the district court's screening judgment, which dismissed Mr. Hamilton's claims pursuant to LSA-R.S. 15:1172, and remand this matter to the district court for a determination as to when Mr. Hamilton submitted his lost property claim, in accordance with the clear provisions of LAC 22:1.325L.

## CONCLUSION

For the above reasons, we reverse the district court's February 18, 2020 screening judgment, which dismissed Mr. Hamilton's petition for judicial review for lack of subject matter jurisdiction, and remand the matter to the district court for a determination as to when Mr. Hamilton's lost property claim was submitted. All costs of this appeal in the amount of $626.00 are assessed against the Department of Public Safety and Corrections.

**REVERSED AND REMANDED.**

---

[3] The commissioner's screening recommendation does refer to "filed," but references the date of receipt as the date filed.

4

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0481

ERIC HAMILTON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**GUIDRY, J., dissents and assigns reasons.**

**GUIDRY, J., dissenting.**

I respectfully disagree with the majority's opinion reversing the district court's judgment. Procedures set out in the Corrections Administrative Remedy Procedure (CARP) provide the exclusive remedy for receiving, hearing, and disposing of complaints and grievances by offenders against the state, the Department, or its employees, among others, that arise while the offender is within the custody or under the supervision of the Department. See La. R.S. 15:1171(B); Boudreaux v. Louisiana Department of Public Safety and Corrections, 16-0995, p. 4 (La. App. 1st Cir. 6/2/17), 222 So. 3d 63, 66. Moreover, no prisoner shall assert a claim in district court until such administrative remedy process is completed. If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction. Collins v. Vanny, 14-0675, p. 3 (La. App. 1st Cir. 1/15/15), 169 So. 3d 405, 407.

Section 325 of Title 22, Part I, of the Louisiana Administrative Code outlines the rules and procedures to be followed in formally addressing inmate complaints under the general ARP process. Specific to lost property claims, an offender who suffers a loss of personal property must submit his claim to the warden or designee

1

within ten days of the discovery of the loss. La. Admin. Code 22:I §325(L)(1)(a). If a claim is not timely submitted, it is subject to rejection. See La. Admin. Code 22:I §325(i). An offender whose claim is rejected is deemed to not have properly exhausted his administrative remedies. See La. Admin. Code 22:I §325(iv).[1]

It is undisputed that Hamilton's stated date of loss of his property was November 13, 2019 and that his lost property claim, though *dated* November 14, 2019, was not *received* by the Department until December 13, 2019, thirty days after the alleged date of loss. As such, his claim was rejected by the Department as untimely. Because Hamilton's claim was rejected as untimely, he has not properly exhausted his administrative remedies, and the district court lacked subject matter jurisdiction to consider his petition for judicial review. See Jones v. State through the Department of Corrections, 13-0482 (La. App. 1st Cir. 11/1/13) 2013WL5918755 *10, writ denied, 13-2783 (La. 2/14/14), 132 So. 3d 965.

Because the district court lacks subject matter jurisdiction to consider the merits of Hamilton's petition for judicial review, the district court did not and cannot reach the main issue raised by Hamilton, which is whether the Department's procedures deprive him of the ability to meet his burden of proof in establishing that his lost property claim was timely submitted. This argument is not properly addressed pursuant to a petition for judicial review. Rather, this argument addresses his constitutional right to access to courts, for which the district court has original jurisdiction under Pope v. State, 99-2559, p. 13 (La. 6/29/01) 792 So. 2d 720. Therefore, if Hamilton wishes to raise such a claim, he must file a separate suit in the district court. See Carter v. Cain, 01-2841, p. 4 (La. App. 1st Cir. 9/27/02) 828

---

[1] We note that the general ARP procedure does not apply to lost property claims. Rather, lost property claims are handled through a specialized administrative remedy procedure. See La. Admin. Code 22:I §325(L); Foster v. Louisiana Department of Public Safety and Corrections, 12-0349 (La. App. 1st Cir. 11/2/12), 2012WL5386608 *2. However, the lost property procedure does not detail what happens when a claim is rejected. Accordingly, we defer to the general ARP provisions to determine this issue.

So. 2d 1226, 1228. Accordingly, I do not find that the district court had jurisdiction to consider Hamilton's argument with regard to the procedures (or lack thereof) implemented by the Department pursuant to his petition for judicial review, and the district court was correct in dismissing his petition for judicial review for lack of subject matter jurisdiction.