CHUTZ, J.
Petitioner, Nathaniel Anderson, an inmate in the custody of the Department of Public Safety and Corrections (DPSC) at the Louisiana State Penitentiary at Angola, Louisiana appeals a district court judgment dismissing his petition for judicial review. For the following reasons, we reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
Petitioner filed a request for administrative remedy (ARP) (No. LSP-2016-0067) complaining that funds totaling $560.00 were withheld from his inmate banking account by prison officials from 2005 to 2015 without his permission or legal authorization. The funds consisted of sales receipts from petitioner's concession booth at the Angola Rodeo. Petitioner requested the return of the funds to his account with interest.
Prison officials denied the ARP on the grounds that "all offenders [selling] hobbycraft [at the Rodeo] have a certain percentage taken out of what they sell[,]" either 20% or 22.39%, depending upon whether the sale was for cash or credit (first step response). For cash sales, the 20% consisted of 4% for state taxes, 5% for parish taxes, and 11% for a commission. If a sale was on credit, an additional 2.39% was withheld for credit card fees. The ARP response further indicated the commission was "for the maintenance of the grounds, buildings and parking area at the Rodeo grounds." Petitioner appealed the decision and was denied relief by the Secretary of DPSC (second step response). He then filed a petition for judicial review in the 19th Judicial District Court reiterating his claim that DPSC illegally deducted or withheld funds from his inmate banking account without authorization.
*616 The matter was assigned to a commissioner[1] , who screened the petition pursuant to La. R.S. 15:1178(B)[2] to determine whether it stated a cognizable claim or cause of action. Concluding the petition raised "a claim subject to judicial appellate review," the commissioner ordered that service be made on DPSC pursuant to La. R.S. 15:1178(C).[3]
DPSC filed an answer generally denying petitioner's claims, which made no reference to any legal authority or regulation supporting the amounts withheld by DPSC. Subsequently, the commissioner issued a report based "on the record alone." Despite earlier finding the petition stated a claim subject to judicial review, the commissioner recommended DPSC's decision be affirmed on the ground that petitioner failed to state a cognizable claim for relief because he failed to set forth a "substantial right violation." Alternatively, the commissioner recommended affirming DPSC's decision because it was neither arbitrary nor manifestly erroneous and was in accord with promulgated departmental regulations. The district court signed a judgment on April 19, 2017, dismissing the petition for judicial review, without prejudice, adopting the commissioner's report as its reasons.
Petitioner filed a motion to set aside the judgment of dismissal. He alleged a due process violation occurred because he was not allowed ten days to traverse thecommissioner's report prior to rendition of the judgment of dismissal. See La. R.S. 13:713(C)(3) (providing a party may file a traversal within ten days after transmittal of the commissioner's recommendations). At the same time, petitioner also filed a traversal of the commissioner's report.
In response, the commissioner issued a supplemental report recommending the April 19 judgment be set aside since petitioner did not receive a copy of the commissioner's report and recommendations until after the judgment of dismissal was rendered. The commissioner also recommended that the district court enter a new judgment after consideration of the original recommendations and petitioner's traversal. In accordance with these recommendations, the district court signed an order on May 23, 2017, setting aside the April 19 judgment of dismissal and rendered a new judgment on May 24, 2017, again dismissing the petition for judicial review, without prejudice. Petitioner now appeals, raising three assignments of error.[4]
*617 DISCUSSION
In his first and second assignments of error, petitioner argues he had "a protected interest" in his inmate banking account that could not be infringed upon without due process. Petitioner contends the withholding of funds from his banking account violated La. R.S. 15:874, which regulates inmate compensation accounts. He also contends DPSC failed to comply with LAC 22:325(F)(3)(a)(vii), which requires inmates be provided with written answers explaining the information gathered or the reasons for the decision rendered in an ARP. Petitioner maintains that, despite the request in his ARP for the basis of DPSC's authority, DPSC failed to explain the statutory or legal basis for its conversion of a portion of his concession sales receipts from the Angola Rodeo.
Petitioner contends all taxes, fees, and commissions due on inmate concession sales should be paid from the Angola Rodeo Fund rather than by inmates. He bases this argument on the following language from Fulford v. Green , 474 So.2d 972, 974 (La. App. 1st Cir. 1985), in which this court discussed the Angola Rodeo Fund:
The gross proceeds of the Rodeo are placed in the Rodeo Fund. After expenses are paid, the Committee designates what amount shall remain in the Rodeo Fund as seed money for the next Rodeo. The balance of the Rodeo Fund is deposited in the [Inmate] Welfare Fund. [Emphasis added.]
Lastly, petitioner asserts the district court dismissed his petition under the erroneous conclusion it involved a suspension of visitation privileges, which does not affect a substantial right, rather than involving a protected property interest, which does affect a substantial right. He argues he is entitled to have the district court issue a judgment fairly addressing the issues raised in his petition. DPSC did not file a brief in this matter either in the district court or this court.
An examination of the record reveals the commissioner stated incorrectly in both his original and supplemental reports that petitioner sought the "reversal of [DPSC's] decision to suspend his visiting privileges." In fact, petitioner raised no issue regarding his visitation privileges in the instant matter. The commissioner did state at a different point in the original report that petitioner "originally complained to the prison administration that the taxes on his concessions were too high" and sought the return of the "overcharged" amount with interest. However, this statement also failed to delineate the actual issue petitioner raised in his ARP and petition for judicial review. Rather than complaining the amounts withheld were too high, petitioner asserted DPSC lacked authority to withhold any amounts whatsoever from his inmate banking account.
The discrepancy between the issue petitioner raised and the commissioner's erroneous characterization of that issue, both in the original and supplemental reports, raises questions concerning whether those reports properly addressed the issue raised by petitioner. Nevertheless, because the record does not support the district court's judgment in any event, as explained below, it is unnecessary for this *618 court to make a determination in this regard.
Under La. R.S. 15:1177(A)(9), DPSC's decision on an ARP may be reversed or modified by the district court "only if substantial rights of the appellant have been prejudiced" because of the administrative decision. In this case, after considering petitioner's traversal, the district court adopted the commissioner's recommendation to dismiss petitioner's petition for judicial review for purportedly failing to state a cause of action or cognizable claim for relief because it did not set forth "a substantial right violation." We disagree.
The conclusion that the petition did not set forth a substantial right violation was incorrect regardless of whether the district court reached its conclusion based on the erroneous belief petitioner's claims merely involved visitation rights or because the court concluded petitioner's claim of an unauthorized withholding of a portion of his concession sales receipts did not affect a substantial right. Prisoners have a property interest in funds in their inmate banking accounts that is entitled to due process protection. Rosin v. Thaler , 417 Fed.Appx. 432, 434 (5th Cir. 2011) (per curiam ) (unpublished); Hutchinson v. Belt , 957 F.Supp. 97, 100 (W.D. La. 1996) ; see also Morris v. Livingston , 739 F.3d 740, 750 (5th Cir. 2014), cert. denied, --- U.S. ----, 134 S.Ct. 2734, 189 L.Ed.2d 772 (2014). The jurisprudence clearly establishes a substantial right is analogous to a due process right, in that it is limited to one in which the petitioner has a "liberty interest," i.e. , a right to or a right to be free from. Wallace v. Louisiana Department of Public Safety & Corrections , 17-0287, p. 5 (La. App. 1st Cir. 9/28/17), 232 So.2d 663, 666, 2017 WL 4316315. Thus, petitioner's claims regarding the alleged withholding of funds from his inmate banking account without legal authorization clearly involved a substantial right. The district court erred in concluding otherwise. Petitioner stated a cognizable claim for relief in his petition for judicial review.
Additionally, the appellate record provides insufficient support for the district court's alternate conclusion that the denial of petitioner's ARP was neither arbitrary nor manifestly erroneous, but "in accord with the promulgated regulations of the [DPSC]." At both steps of the ARP proceedings, DPSC merely outlined its practice of withholding certain percentages of inmate concession sales for taxes, credit card fees, and commissions for maintenance of the rodeo grounds. Despite the requirements of LAC 22:325(F)(3)(a)(vii), DPSC provided no explanation of its authority for this practice.
It is more than probable authority exists for DPSC to withhold taxes and credit card fees from an inmate's sale receipts. There also may be contractual[5] and/or legal authority for DPSC to withhold a commission from the sale receipts for maintenance of the rodeo grounds. However, without reaching any conclusions on these issues, we note at no point in the administrative proceedings, in the proceedings before the district court, or on appeal has DPSC set forth any statute, rule, promulgated policy, or regulation authorizing its practice of withholding these amounts, particularly commissions, from an inmate's sale receipts. Moreover, the administrative record submitted in the district court by DPSC contains a copy of an email from one DPSC employee to another inquiring whether there was any policy supporting the specified deductions from inmate sales receipts. The response indicated there *619 were "no posted policies or directives on file." Further, neither of the commissioner's reports cited to any specific regulation or policy, promulgated or otherwise, authorizing DPSC's actions, despite the statement in the original report that the denial of petitioner's ARP was "in accord with the promulgated regulations of the [DPSC]." This court has no ready means of ascertaining applicable departmental regulations and no such authority has been brought to this court's attention.
Having concluded the district court erred in finding the petition for judicial review failed to state a substantial rights violation and in view of the indication in the administrative record that there may be "no posted policies or directives on file" regarding the deductions made by DPSC, the judgment of dismissal must be reversed. This matter is remanded to the district court for consideration of the merits of petitioner's claims and the basis of DPSC's authority, if any, to withhold the funds at issue.[6]
CONCLUSION
For the reasons assigned, the May 24, 2017 judgment of the district court dismissing the petition for judicial review filed by appellant, Nathaniel Anderson, is reversed, and this matter is remanded to the district court with instructions for the court to consider the merits of the claims raised therein. All costs of this appeal, in the amount of $610.00, are to paid by appellee, the Department of Public Safety and Corrections.
REVERSED AND REMANDED WITH INSTRUCTIONS.

The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners.

When an inmate files a petition for judicial review, La. R.S. 15:1178(B) provides the petition should be screened as follows:
The court, as soon as practicable after receiving the petition, shall review the petition to determine if the petition states a cognizable claim or if the petition, on its face, is frivolous or malicious, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages. [Emphasis added.]

Louisiana Revised Statutes 15:1178(C) provides "[i]f the court determines that the petition states a cognizable claim, the court shall return the petition to the clerk of court for service of process." (Emphasis added.)

In his motion for appeal, which was filed on June 5, 2017, petitioner referred to the "final judgment dismissing this Petition for Judicial Review in the above captioned case on April 19, 2017 ." As noted above, the district court set aside the judgment rendered on April 19, 2017, and signed a new judgment on May 24, 2017, dismissing the petition for judicial review. It is well-settled that appeals are favored in the law. An appeal should be maintained unless the ground for dismissal is free from doubt. Castillo v. Russell , 05-2110 (La. 2/10/06), 920 So.2d 863. In this case, it is clear from the motion for appeal and the appellate brief that petitioner, who is representing himself in this matter, intended to appeal from the adverse judgment dismissing his petition for judicial review, irrespective of the date stated. Accordingly, we will treat this appeal as being taken from the judgment of dismissal rendered on May 24, 2017. See Chaney v. Department of Public Safety & Corrections (Office of Motor Vehicles) , 09-1543 (La. App. 1st Cir. 3/26/10), 36 So.3d 328, 330 n.1.

In his traversal to the commissioner's report, petitioner indicated he signed a "Hobbyshop Agreement Form" in order to obtain the right to sell concessions at the rodeo, but contends it did not put inmates on notice that sales were subject to such taxation.

In view of this conclusion, we pretermit as moot petitioner's third assignment of error wherein he complains he was denied a ten-day period to traverse the commissioner's reports.