# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 CA 0748

### KENAN ALLEN

### VERSUS

### LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered:  **FEB 1 9 2021**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C684439

The Honorable Donald R. Johnson, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Kenan Allen<br>Angola, Louisiana | Plaintiff/Appellant,<br>In Proper Person |
| Heather C. Hood<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \*

BEFORE:  THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

Kenan Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the district court's judgment that dismissed his petition for judicial review of DPSC's denial of his request for administrative remedy numbered LSP-2019-0708. We affirm.

## FACTS AND PROCEDURAL HISTORY

Allen filed his petition for judicial review pursuant to Louisiana's Corrections Administrative Procedure Act (CARP), La. R.S. 15:1171 *et seq.*, after exhausting his administrative remedies. Allen complains that DPSC unlawfully charged his inmate account for the costs of sending and receiving legal mail and the cost of receiving a legal supply package, causing his account to reflect a debt of $507.51. Allen asked that DPSC's department regulation B-09-004, which DPSC cited as authority for its actions, be declared unconstitutional, that the amounts charged to his account be refunded, and that his account balance be corrected.

The Commissioner assigned to the matter issued a report to the district court noting, "The point of contention in this request for judicial review is what appears to be [Allen's] belief that he is indigent due to his incarcerated status and that this indigent status absolves him from having to pay for supplies and mail service." The Commissioner reviewed the regulation at issue, which allows indigent inmates to receive certain items with the costs showing as a debit against their accounts to be collected if and when money is available. The Commissioner found no merit in Allen's claims that the regulation is unconstitutional and found that DPSC's decision denying him relief was not arbitrary, capricious, manifestly erroneous, or in violation of Allen's statutory or constitutional rights. The district court adopted the Commissioner's reasoning and dismissed Allen's petition. This appeal followed.

2

## DISCUSSION

Judicial review of a CARP claim is governed by La. R.S. 15:1177. On appeal of the district court's judgment, the appellate court reviews the administrative record *de novo* under the criteria of La. R.S. 15:1177(A)(9), owing no deference to the factual findings or legal conclusions of the district court. **Johnson v. Louisiana Dep't of Pub. Safety & Corr.**, 2019-1244 (La. App. 1st Cir. 5/11/20), 304 So.3d 426, 433, writ denied, 2020-00839 (La. 12/8/20). Thus, a reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).

A threshold issue in any appeal governed by CARP is whether a substantial right is implicated. See La. R.S. 15:1177 (A)(9); **Wallace v. Louisiana Dep't of Pub. Safety & Corr.**, 2017-0287 (La. App. 1st Cir. 9/28/17), 232 So.3d 663, 665, writ denied, 2018-0047 (La. 1/8/19), 260 So.3d 588. A substantial right is one in which the inmate has a liberty interest protected by the Due Process Clause. **Dorsey v. Louisiana Dep't of Pub. Safety & Corr.**, 2017-1651 (La. App. 1st Cir. 11/2/18), 265 So.3d 925, 927. Prisoners have a property interest in funds in their inmate banking accounts that is entitled to due process protection. **Anderson v. Louisiana Dep't of Pub. Safety & Corr.**, 2017-0987 (La. App. 1st Cir. 2/7/18), 242 So.3d 614, 618. As the Commissioner correctly observed, Allen's claims regarding his inmate account implicate a substantial right; therefore, we proceed to

3

consideration of his claim that DPSC's actions are in violation of constitutional provisions.

DPSC handled Allen's inmate account according to Regulation B-09-004, which sets forth DPSC's procedures for providing indigent services and supplies to indigent offenders.[1] For purposes of the regulation, indigent services and supplies include "[t]hose services and/or supplies that are deemed necessary to be provided at state expense if the offender does not have sufficient funds to purchase them himself," and specifically includes the cost of postage for legal mail and the cost of legal supplies. "Indigent offenders" are defined as "[t]hose who do not have sufficient funds in the appropriate account(s) at the time of their request for indigent services and/or supplies to fully cover the cost of the requested services or supplies."

Pertinent to Allen's claims, Regulation B-09-004 provides the following procedures for DPSC to recoup the costs of indigent services:

C.  A record in the form of medical co-payment, canteen sale or offender banking withdrawal slip shall be kept of access to indigent services and/or supplies made by indigent offenders. The transaction shall be recorded in the Centralized Offender Banking system and shall reflect the cost of the service and/or supply in the offender's account(s).

D.  In accordance with Department Regulation Nos. B-06-001 "Health Care" and B-09-003 "Offender Banking," indigent offenders shall be assessed all current funds available to support payment for indigent services and/or supplies and will owe the difference. This amount shall be reflected as a debt owed in the offender's account(s). Deductions shall be made from deposits to the offender's drawing or savings account until the debt is satisfied.

Allen contends these procedures violate his constitutional rights to receive the materials at no cost to him, citing **Bounds v. Smith**, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

---

[1]    The regulation was provided to Allen in connection with DPSC's responses to his request for administrative remedy and is contained in the administrative record before us on appeal.

4

In **Bounds**, 97 S.Ct. at 1494, the United States Supreme Court acknowledged inmates' well-established constitutional right of access to the courts. See **Lewis v. Casey**, 518 U.S. 343, 350, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). Hence, "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." **Bounds**, 97 S.Ct. at 1496. However, **Bounds** does not prohibit the state from tracking the costs of items provided to indigent inmates at state expense and attempting to recoup those amounts if and when funds are available in the inmate's account. Cf. **Schenker v. Rowley**, 3:12-CV-00174-LRH, 2013 WL 321688, at *3 (D. Nev. Jan. 28, 2013). Allen's argument to the contrary is legally incorrect.

It is undisputed that DPSC provided the legal supplies to Allen at the State's expense. After de novo review, we find no merit to Allen's arguments that DPSC violated his constitutional rights in attempting to recoup the cost of those supplies pursuant to Regulation B-09-004. In reaching this decision, we note that this court previously upheld the constitutionality of DPSC's department regulation B-09-003, which provides procedures for DPSC to credit debts against inmate accounts. See **Netter v. Louisiana Dep't of Pub. Safety & Corr.**, 2017-0397 (La. App. 1st Cir. 2/25/19)(unpublished), 2019 WL 927140, *3, writ denied, 2019-00667 (La. 12/10/19), 285 So.3d 487. Further, this court has found no merit to an inmate's complaints about amounts deducted from his inmate account pursuant to Regulation B-09-003 for payment of court costs that accrued while the inmate proceeded *in forma pauperis*. See **Lewis v. Louisiana Dep't of Pub. Safety & Corr.**, 2016-1560 (La. App. 1st Cir. 6/2/17) (unpublished), 2017 WL 2403016, *3, writ denied, 2016-474 (La. 10/27/17), 228 So.3d 1226.

5

## CONCLUSION

The judgment of the district court that dismissed Allen's petition for judicial review with prejudice is affirmed. Costs of this appeal are assessed to Kenan Allen.

**AFFIRMED.**

6