JEW

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0563

JOSHUA DEAN

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: _____ DEC 3 0 2024 _____

* * * * * * *

On Judicial Review from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number C728524 • Section 25

The Honorable Wilson E. Fields, Presiding Judge

* * * * * * *

Joshua Dean                                  APPELLANT
D.O.C. # 557040                              PLAINTIFF—In Proper Person
*Louisiana State Penitentiary*
Angola, Louisiana


Jonathan R. Vining                           COUNSEL FOR APPELLEE
Baton Rouge, Louisiana                       DEFENDANT—Louisiana
                                             Department of Public Safety and
                                             Corrections

* * * * * * *

BEFORE: McCLENDON, WELCH, AND LANIER, JJ.

McClendon, J. concurs in the result

Lanier J. Concurs.

**WELCH, J.**

Joshua Dean, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") and confined to the Louisiana State Penitentiary at Angola ("LSP"), appeals a judgment of the district court denying his petition for judicial review of his lost property claim. For the reasons that follow, we affirm.

## BACKGROUND

According to the allegations of Mr. Dean's petition for judicial review, on October 25, 2021, he initiated administrative remedy procedure ("ARP") claim LSP-2021-2718 wherein he raised claims under the Prison Rape Elimination Act ("PREA"), alleging a two-year unprofessional relationship that he purportedly engaged in with a correctional facility employee. He was subsequently placed in administrative segregation on protective custody and moved from Camp D to the main prison, pending the outcome of the investigation into his PREA claims. At the time of his transfer, Mr. Dean securely locked all of his personal property in two boxes. LSP Investigative Services interviewed Mr. Dean on October 27, 2021 regarding his ARP claim LSP-2021-2718. That same day, he also appeared before the LSP Disciplinary Board for Protection Court. On November 10, 2021, Mr. Dean again appeared before LSP Investigative Services and was administered a polygraph test. He claimed that Investigator Cassandra Temple advised him that the two boxes containing his personal property had been removed from Camp D storage to be searched in connection with the investigation of his ARP claim LSP-2021-2718. Mr. Dean alleged that after his appearance before LSP Investigative Services, Investigator Temple "retaliated against him" by confiscating two JPay tablets[1]

---

[1] JPay tablets "offer opportunities for incarcerated individuals to connect ... and engage in education courses and betterment resources" including the ability to "[p]lace phone calls and send emails with more privacy without sharing a device." See "JPay Tablets," *Incarcerated Individual Services*, **JPay**, https://www.jpay.com/PMusic.aspx (last accessed December 20, 2024).

2

belonging to him (JPay 5 and JPay 6) on November 10, 2021. Mr. Dean alleged that "in the course of the [two-]year unprofessional relationship [with the] correctional staff [member,]" he communicated with the staff member "via telephone and [JPay] kiosk." He averred that the JPay tablet kiosk contained "[e-]messages" between him and the correctional staff member who "used an alias" to "stay in constant contact with Mr. Dean." Mr. Dean claimed that the confiscation of the two JPay tablets "[was] a means to conceal, destroy, or [spoil] … evidence in order to deny administrative relief for [the alleged] correctional staff's unprofessional misconduct." He also claimed he was not given proper notice of the seizure, nor the right to be heard in opposition to the seizure. Mr. Dean was later transferred from the main prison to an Awaiting Trial Unit ("ATU") on December 29, 2021. On December 31, 2021, Mr. Dean signed a "Clothing and Personal Property Inventory Form" indicating that he had received all his personal property; however, upon closer inspection, he was "extremely stunned" to discover that his two JPay tablets were missing from his personal property. Mr. Dean alleged that at the conclusion of the investigation of ARP claim LSP-2021-2718, purportedly no evidence was found to substantiate his PREA claims, and his ARP claim LSP-2021-2718 was allegedly dismissed.

Thereafter, Mr. Dean sought return of the two JPay tablets confiscated during the course of the investigation of his ARP claim LSP-2021-2718. On January 10, 2022, he filed a lost property claim number LSP-2022-0076, seeking return of the JPay tablets that he alleged he personally purchased, for more than $800, with funds from his inmate account. His lost property claim was initially denied by the LSP warden on November 16, 2022, who stated: "Per Investigative Services, your tablet was confiscated." Thereafter, the claim was denied by the Department on December 27, 2022, who cited Department Regulation #OP-C-13 which provides, "Under no

3

circumstances will an offender be compensated for an unsubstantiated loss, or for a loss which results from the offender's own acts[.]" The Department further stated:

> A review of institutional records revealed that your signature is affixed to the "Clothing and Personal Property Inventory Form" as receiving all of your property on 12/31/2021. There are no notations found on the form to indicate that any of your property was missing upon receipt. You have failed to prove that a loss actually occurred or that staff was responsible for the alleged loss.

On February 6, 2023, Mr. Dean filed the instant proceeding seeking judicial review of the Department's decision regarding his lost property claim. Pertinently, Mr. Dean sought the return of his JPay tablets or reimbursement for the full cost or replacement value of the JPay tablets, as well as costs and indigent litigant filing and copying fees.

On June 22, 2023, the Department filed an answer in the judicial review proceeding, maintaining that Mr. Dean had exhausted his administrative remedies with regard to his lost property claim and that the Department had properly rejected the claim for the same reasons previously given by the warden on November 16, 2022, and by the Department on December 27, 2022, in their responses denying his lost property claim. The Department also filed the administrative record along with its answer. Included in the administrative record were emails between Department and LSP officials that provided insight into the confiscation of Mr. Dean's tablets. Investigator Sarah Tanner stated that Mr. Dean's tablets were "confiscated as part of a non-professional relationship case[,] in which the [correctional facility] employee bought it for [Mr. Dean]." Department officials also attempted to determine whether one or two tablets had been confiscated by LSP Investigative Services, as alleged by Mr. Dean. According to LSP Lieutenant Jaci Vannoy, "[t]he offender is only allowed

4

to have one tablet in his possession at a time. So if that one was confiscated[,] there shouldn't have been another one."[2]

On August 23, 2023, following the initial screening of Mr. Dean's petition and the Department's answer, the district court commissioner assigned to this case issued an order remanding the matter to the Department. The Commissioner stated that the Department's answer was "inclusive" because "the Department's regulation(s) and/or policies of [LSP] ... governing the inventory and confiscation of offender property" was not a part of the administrative record and was needed by the Commissioner to rule on Mr. Dean's petition for judicial review. Therefore, the Commissioner ordered that the matter be stayed for thirty days and remanded to the Department to supplement the record with the Department's regulation(s) and/or policies governing the inventory and confiscation of offender property, and that upon exhaustion of that process, either party could notify the court in writing that it was ripe for further review.

Thereafter, the Department filed a notice of compliance and supplemented the record with a copy of applicable Department Regulations in effect on the date of the alleged loss: Department Regulation No. C-03-007, "Offender Personal Property Lists, State Issued Items, Procedures for the Reception, Transfer[,] and Disposal of Offender Personal Belongings"; LSP Directive No. 09.042, "Offender Personal Property"; Department Offender Posted Policy #028, "Personal Property-Offender Population"; Department Offender Posted Policy #029, "Radio, Cassette Player, CD Players[,] and Electronic Media Players"; and Department Regulation No. OP-A-11, "Security and Control, Seized Property Disposal," which governs the Department's authority to seize offender property in relation to any criminal investigation.

---

[2] In his traversal of the Commissioner's report, Mr. Dean explained his possession of two JPay tablets. He alleged that at the time he received his JPay 6 tablet, the LSP had temporarily suspended the requirement that offenders must turn in their previous tablet in order to be issued a new tablet. Thus, he alleged he was allowed to keep his JPay 5 tablet at the time he received his JPay 6 tablet.

The Commissioner reviewed the regulations and policies and thereafter issued a report to the district court on February 15, 2024, finding that the Department's actions were not arbitrary, capricious, manifestly erroneous, or in violation of Mr. Dean's substantial rights when it denied his request for relief. The Commissioner recommended that Mr. Dean's petition for judicial review be dismissed with prejudice for his failure to state a cause of action for which relief could be granted, thereby affirming the Department's decision.

Mr. Dean filed objections and a traversal of the Commissioner's report, arguing that since the investigation of his PREA claims in ARP claim LSP-2021-2718 were concluded, LSP Investigative Services should return the JPay tablets to his possession because he was allegedly not charged or convicted of any disciplinary infraction.

After considering the matter *de novo*, the district court signed a judgment on March 7, 2024, adopting the Commissioner's report and recommendation and dismissing Mr. Dean's petition for judicial review of lost property claim number LSP-2022-0076 with prejudice. From that judgment, Mr. Dean now appeals.[3]

## LAW AND DISCUSSION

Lost property claims by inmates are matters of prison administration or conditions of confinement that are governed by La. R.S. 15:1177 of the Corrections Administrative Remedy Procedure ("CARP"). **Lewis v. Louisiana Dep't of Public Safety and Corrections**, 2019-1693 (La. App. 1 Cir. 8/5/20), 312 So.3d 592, 594, writ denied, 2021-00158 (La. 3/9/21), 312 So.3d 583. Accordingly, a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory

---

[3] Mr. Dean filed a motion for devolutive appeal on April 2, 2024. The trial court signed an order of appeal on April 8, 2024, notice of which was transmitted by the Clerk of Court to the parties on April 18, 2024.

provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary or capricious or characterized by an abuse of discretion; or (f) manifestly erroneous in view of the reliable, probative, and substantial evidence of the whole record. La. R.S. 15:1177(A)(9); **Lewis**, 312 So.3d at 594-95. On appellate review of a district court's judgment in a suit for judicial review under CARP, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Simmons v. Louisiana Dep't of Public Safety and Corrections**, 2020-0301, 2020-0302 (La. App. 1 Cir. 12/30/20), 316 So.3d 1141, 1143-44. Thus, our judicial review of the Department's decision regarding Mr. Dean's lost property claim is *de novo*. See **Simmons**, 316 So.3d at 1144.

A threshold issue in any appeal governed by CARP is whether a substantial right is implicated. See La. R.S. 15:1177(A)(9); **Wallace v. Louisiana Dep't of Public Safety and Corrections**, 2017-0287 (La. App. 1 Cir. 9/28/17), 232 So.3d 663, 665, writ denied, 2018-0047 (La. 1/8/19), 260 So.3d 588, cert. denied, ___ U.S. ___, 139 S.Ct. 2661, 204 L.Ed.2d 290 (2019). A substantial right is one in which the inmate has a liberty interest protected by the Due Process Clause. See **Dorsey v. Louisiana Dep't of Public Safety and Corrections**, 2017-1651 (La. App. 1 Cir. 11/2/18), 265 So.3d 925, 927. Similar to the property interest that prisoners have in funds in their inmate banking accounts, prisoners likewise have a property interest in tangible personal property in their possession. See, e.g., **Anderson v. Louisiana Dep't of Public Safety and Corrections**, 2017-0987 (La. App. 1 Cir. 2/7/18), 242 So.3d 614, 618. Mr. Dean's claims regarding his JPay tablets implicate a substantial right; therefore, we proceed to consideration of his claim that the Department's actions are in violation of constitutional provisions.

7

Lost property claims are handled through the administrative remedy procedure set forth in LAC 22:I.325(L)(1), rather than the general administrative remedy procedure. **Simmons**, 316 So.3d at 1144. Louisiana Administrative Code 22:I.325(L)(1), which is entitled "Lost Property Claims," provides as follows:

a. When an offender suffers a loss of personal property, he may submit a lost personal property claim (form OP-C-13-a) to the warden or designee. The claim shall include the date the loss occurred, a full statement of the circumstances which resulted in the loss of property, a list of the items which are missing, the value of each lost item and any proof of ownership or value of the property available to the offender. All claims for lost personal property must be submitted to the warden or designee within 10 days of discovery of the loss.

i. Under no circumstances will an offender be compensated for an unsubstantiated loss, or for a loss which results from the offender's own acts or for any loss resulting from bartering, trading, selling to or gambling with other offenders.

b. The warden or designee shall assign an employee to investigate the claim. The investigative officer shall investigate the claim fully and will submit his report and recommendations to the warden or designee.

c. If a loss of an offender's personal property occurs through the negligence of the institution and/or its employees, the offender's claim may be processed in accordance with the following procedures.

i. Monetary:

(a). the warden or designee shall recommend a reasonable value for the lost personal property as described on the lost personal property claim (form OP-C-13-a). The state assumes no liability for any lost personal clothing;

(b). a lost personal property claim response (form OP-C-13-b) and agreement (form OP-C-13-c) shall be completed and submitted to the offender for his signature; and

(c). the claim shall be submitted to the chief of operations/office of adult services for review and final approval.

ii. Non-monetary:

8

(a). the offender is entitled only to state issue where state issued items are available;

(b). the warden or designee shall review the claim and determine whether or not the institution is responsible;

(c). a lost personal property claim response (form OP-C-13-b) shall be completed and submitted to the offender for his signature;

(d). an agreement (form OP-C-13-c) shall be completed and submitted to the offender for his signature when state issue replacement has been offered.

d. If the warden or designee determines that the institution and/or its employees are not responsible for the offender's loss of property, the claim shall be denied, and a lost personal property claim response (form OP-C-13-b) shall be submitted to the offender indicating the reason. If the offender is not satisfied with the resolution at the unit level, he may indicate by checking the appropriate box on the lost personal property claim response (form OP-C-13-b) and submitting it to the ARP screening officer within five days of receipt. The screening officer shall provide the offender with an acknowledgment of receipt and date forwarded to the chief of operations/office of adult services. A copy of the offender's original lost personal property claim (form OP-C-13-a) and lost personal property claim response (form OP-C-13-b) and other relevant documentation shall be attached.

Furthermore, pursuant to La. R.S. 15:821, *et seq.*, the Department is authorized to administer, manage, and operate "all state institutions for the care, custody[,] and correction of persons sentenced for felonies or misdemeanors."

Department Regulation No. C-03-007, "Offender Personal Property Lists, State Issued Items, Procedures for the Reception, Transfer[,] and Disposal of Offender Personal Belongings[,]" permits a male inmate in permanent population to have only one electronic media player. Similarly, Department Offender Posted Policy #029, "Radio, Cassette Player, CD Players[,] and Electronic Media Players" provides that "[a]n offender may possess one ... electronic media player ... as is sold in the Unit Canteen or by JPay."

However, Department regulations contemplate the seizure of inmate property in connection with investigations. Pertinent herein, Department Regulation No. OP-A-11, "Security and Control, Seized Property Disposal[,]" provides the "guidelines governing the disposal of contraband ... and/or non-contraband unclaimed property" seized in connection with a civil or criminal investigation. Department Regulation No. OP-A-11 defines "contraband property" as "[t]hose items which have been defined as contraband under La. R.S. 14:402[.]" Applicable to the instant appeal, La. R.S. 14:402(D)(9) defines contraband as "[a]ny telecommunications equipment[.]"[4] Section 7(B) of Department Regulation No. OP-A-11 sets forth that "[c]ontraband which is being held as evidence in any criminal or civil proceedings shall not be disposed of until formally released as evidence." Section 7(B)(1) further provides that "[a]ny contraband which is seized that is not being held as evidence in any criminal or civil proceeding may be destroyed, donated to a charitable organization[,] or put to lawful use within the institution."

While Mr. Dean was clearly allowed to possess a JPay tablet, once those tablets were seized by LSP Investigative Services as part of their investigation into his PREA claims raised in ARP claim LSP-2021-2718, the JPay tablets fell under the definition of "contraband" found in La. R.S. 14:402(D)(9). As contraband, the Department could seize Mr. Dean's JPay tablets in connection with the investigation of his ARP claim LSP-2021-2718 pursuant to Department Regulation No. OP-A-11 Section 7(B). Further, Mr. Dean's seized JPay tablets—once they were no longer being held as evidence in ARP claim LSP-2021-2718—could be destroyed, donated to a charitable organization, or put to lawful use within LSP as set forth in Department Regulation No. OP-A-11 Section 7(B)(1).

---

[4] Subsequent to the events giving rise to Mr. Dean's petition for judicial review, the Legislature amended La. R.S. 14:402 to add subsection (D)(13), to also include "[a]ny electronic device" in its list of "contraband."

As reasoned by the Commissioner, we agree that the district court and this court has no authority to interfere with the Department's promulgated administrative process. Louisiana courts are to give great deference to prison administrators in the promulgation and enforcement of rules and regulations. Only in extreme cases will courts interfere with the administration of prison regulations. See **Dorsey**, 265 So.3d at 927. If LSP investigated Mr. Dean's PREA claims and made a determination that his JPay tablets should be confiscated per Department Regulation No. OP-A-11 as part of that investigation, then this court has no authority to reverse the Department's decision to deny relief without evidence of arbitrary, capricious, or manifestly erroneous reasoning on behalf of the Department. Based on our *de novo* review of Mr. Dean's lost property claim, we agree with the Commissioner and the district court that the decision of the Department was not manifestly erroneous nor arbitrary, capricious, or an abuse of its discretion and that Mr. Dean's substantial rights were not prejudiced by the Department's decision. Thus, Mr. Dean was not entitled to judgment granting his petition for judicial review.

## DECREE

The district court's March 7, 2024 judgment that dismissed Mr. Dean's petition for judicial review with prejudice is affirmed. Given Mr. Dean's pauper status, we decline to assess appeal costs.

**AFFIRMED.**