STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 CA 0386

NATHANIEL ANDERSON

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: _____FEB 2 6 2025_____

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 23
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C-649117

HONORABLE KELLY BALFOUR, JUDGE PRESIDING

* * * * *

Nathaniel Anderson
Angola, Louisiana

Plaintiff-Appellant
Pro Se


Jonathan R. Vining
Baton Rouge, Louisiana

Attorney for Defendant-Appellee
Louisiana Department of Public
Safety and Corrections


**BEFORE: WOLFE, MILLER, AND GREENE, JJ.**

**GREENE, J.**

This is an appeal of a district court judgment that awarded Nathaniel Anderson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) at the Louisiana State Penitentiary at Angola, reimbursement of commissions deducted from the sale of his hobby crafts at the Angola Prison Rodeo. Taxes deducted from the sales were not reimbursed. Mr. Anderson appealed. After review, we reverse the denial of reimbursement for sales taxes, affirm the reimbursement of commissions, and increase the reimbursement award to $560.00, plus interest.

## FACTS AND PROCEDURAL HISTORY

Mr. Anderson filed a request for administrative remedy procedure (ARP No. LSP-2016-0067) on January 8, 2016, complaining that funds totaling $560.00 were incorrectly withheld from his inmate bank account by prison officials from 2005 to 2015. The funds were withheld from the sales of Mr. Anderson's hobby crafts at the Angola Prison Rodeo. Mr. Anderson requested the return of the funds to his account with interest.

In the first step response by the DPSC, the ARP was denied on the grounds that "all offenders [selling hobby crafts at the Rodeo] have a certain percentage taken out of what they sell[,]" either 20 percent or 22.39 percent, depending upon whether the sale was by cash or credit card. For cash sales, the 20 percent was made up of 4 percent for state taxes, 5 percent for parish taxes, and 11 percent for a commission. For credit cards sales, an additional 2.39 percent was withheld for credit card fees. The ARP response further indicated that the commission was for "the maintenance of the grounds, buildings, and parking area at the Rodeo grounds." Mr. Anderson appealed the decision to the Secretary of the DPSC and was denied relief in the second step response. He then filed a petition for judicial review in the Nineteenth Judicial District Court, asserting that the DPSC deducted funds from his inmate bank account to pay taxes, commissions, and maintenance costs of the Angola Prison Rodeo without his consent or legal authorization.

The matter was assigned to a Commissioner,[1] who screened the petition and concluded it raised a claim subject to judicial appellate review. The DPSC filed an answer

---

[1] The Office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. **Perez v. Louisiana Department of Public Safety and Corrections**, 2023-1318 (La. App. 1 Cir. 7/17/24), 395 So.3d 286, 287, n.1.

2

denying Mr. Anderson's claim for reimbursement. Subsequently, the Commissioner issued a report recommending the petition be dismissed as Mr. Anderson failed to state a cognizable claim for relief because he failed to set forth a substantial rights violation. The district court dismissed the petition for judicial review without prejudice, adopting the Commissioner's report as its reasons. The judgment was signed on April 19, 2017.

Mr. Anderson filed a traversal of the Commissioner's report on April 28, 2017. Mr. Anderson then filed a motion to set aside the judgment on May 17, 2017, maintaining that a due process violation occurred because he was not allowed ten days to traverse the Commissioner's report prior to rendition of the judgment of dismissal. The district court signed an order on May 23, 2017 setting aside the April 19, 2017 judgment. The district court then rendered a judgment on May 24, 2017, dismissing the petition for judicial review without prejudice. Mr. Anderson appealed that judgment.

On appeal, this Court found that Mr. Anderson stated a cognizable claim for violation of a substantial right as a basis for obtaining judicial review, and thus, the denial of his request for administrative review was reversible error. **Anderson v. Louisiana Dep't of Public Safety & Corr.**, 2017-0987 (La. App. 1 Cir. 2/7/18), 242 So.3d 614, 618. This Court noted:

> [A]t no point in the administrative proceedings, in the proceedings before the district court, or on appeal has DPSC set forth any statute, rule, promulgated policy, or regulation authorizing its practice of withholding these amounts, particularly commissions, from an inmate's sale receipts. Moreover, the administrative record submitted in the district court by DPSC contains a copy of an email from one DPSC employee to another inquiring whether there was any policy supporting the specified deductions from inmate sales receipts. The response indicated there were "no posted policies or directives on file." Further, neither of the commissioner's reports cited to any specific regulation or policy, promulgated or otherwise, authorizing DPSC's actions, despite the statement in the original report that the denial of petitioner's ARP was "in accord with the promulgated regulations of the [DPSC]." This court has no ready means of ascertaining applicable departmental regulations and no such authority has been brought to this court's attention.

**Anderson**, 242 So.3d at 618-619. This Court remanded the matter to the district court for consideration of the merits of Mr. Anderson's claims and the basis of the DPSC's authority, if any, to withhold the funds at issue. **Anderson**, 242 So.3d at 619.

Subsequently, Mr. Anderson filed an application for supervisory writs with this Court asking that this Court order compliance within a certain time period. This Court granted the writ and ordered the district court to proceed toward disposition of the matter

on or before May 17, 2019. **Anderson v. La. Dep't of Pub. Safety & Corr.**, 2018-1600 (La. App. 1 Cir. 4/7/19) (unpublished writ action).

On May 16, 2019, the Commissioner remanded the matter back to the DPSC with questions for the DPSC to answer that were designed to elicit more information regarding the policies and procedures used in determining taxes and commissions withheld from hobby craft sales at the Angola Prison Rodeo.

Thereafter, Mr. Anderson filed a writ application asking this Court to compel specific performance of this Court's April 17, 2019 order. Mr. Anderson claimed the DPSC had not clarified its actions or the issues, or provided the authorization for imposing taxes, commissions, etc., on funds obtained at the Angola Prison Rodeo. This Court granted the writ and ordered the district court to proceed toward disposition on or before July 20, 2020. **Anderson v. La. Dep't of Pub. Safety & Corr.**, 2020-0400 (La. App. 1 Cir. 6/19/20), 2020 WL 3397758 (unpublished writ action).

On November 17, 2021, the district court ordered supplementation of the record by the DPSC with responses and documentation within sixty days. On April 18, 2023, Mr. Anderson filed a writ asking this Court to compel a ruling by the district court. This Court granted the writ, ordering the district court to proceed toward disposition in this matter on or before August 21, 2023. **Anderson v. La. Dep't of Pub. Safety & Corr.**, 2023-0381 (La. App. 1 Cir. 7/5/23), 2023 WL 4350086 (unpublished writ action).

On October 17, 2023, the Commissioner issued a recommendation that the DPSC was arbitrary, capricious, and manifestly erroneous, and that it violated Mr. Anderson's due process rights when it denied him relief in ARP No. LSP 2016-0067. Further, the Commissioner recommended that the DPSC reimburse Mr. Anderson $513.94, which was the calculated amount of commissions deducted from Mr. Anderson's hobby craft sales from 2005-2015 inclusive of judicial interest. Thereafter, the district court found that the DSPC was arbitrary, capricious, and manifestly erroneous, and violated Mr. Anderson's due process rights when it denied him relief in ARP No. LSP 2016-0067. The district court ordered that DPSC reimburse Mr. Anderson $513.94, "which is the calculated amount of commissions deducted from [Mr. Anderson's] hobby craft sales from 2005 through 2015 inclusive of judicial interest." The judgment was signed on January 18, 2024. Mr. Anderson appealed that judgment. On appeal, he maintains that the district court erred

4

in: (1) adopting the Commissioner's report; (2) failing to rule on the motion to expand the record to include the DPSC digital database; and (3) failing to rule on his motion for preliminary injunction.

## STANDARD OF REVIEW

Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decisions. Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory law; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); **Grayer v. Louisiana Dept. of Public Safety and Corrections**, 2017-0497 (La. App. 1 Cir. 1/30/18), 242 So.3d 592, 594.

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. **Colvin v. Louisiana Department of Public Safety and Corrections**, 2023-1175 (La. App. 1 Cir. 5/31/24), 2024 WL 2971242, *3 (unpublished), writ denied, 2024-00869 (La. 10/23/24), 395 So.3d 250.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error Mr. Anderson maintains that the district court erred in adopting the Commissioner's report. The issues raised in this assignment of error are: 1) whether the DPSC was authorized to collect taxes from the amounts paid for Mr. Anderson's hobby craft sales at the Angola Prison Rodeo, and 2) whether the commission reimbursement award should be increased.

We first consider the issue of the taxes deducted from the hobby craft sales receipts. Louisiana Revised Statutes 47:301(4) provides that a dealer is a person who manufactures or produces tangible personal property for sale at retail, for use,

5

consumption, distribution or for storage to be used or consumed. See La. R.S. 47:301(4). A vendor who is a dealer is required to pay taxes pursuant to La. R.S. 47:302 on his retail sales. See La. R.S. 47:302(K)(5). A vendor qualifies as a dealer solely by virtue of engagement in regular or systematic solicitation of a consumer market in this state by the distribution of catalogs, periodicals, advertising fliers, or other advertising, or by means of print, radio, or television media, including but not limited to television shopping channels, by mail, telegraphy, telephone, computer database, cable, optic, microwave, or other communication system. See La. R.S. 47:302(K)(5). The Angola Prison Rodeo is marketed to consumers via radio, television, print media, posters, and an electronic billboard by the Angola Prison. While we agree that there do not appear to be any exemptions or exclusions from taxes for sales of hobby craft at the Angola Prison Rodeo, we do not find that Mr. Anderson, as an incarcerated inmate participating in the Angola Prison Rodeo by virtue of hobby craft sales, is a dealer required to pay taxes on his retail sales. See La. R.S. 47:301(4) and La. R.S. 47:302(K)(5).

The DPSC submitted the affidavit of Lucius L. Morris, II, the Louisiana Department of Revenue's Assistant Secretary for the Office of Legal Affairs. Mr. Morris attested that retail sales by Mr. Anderson at the Angola Prison Rodeo were subject to state sales tax because no exemptions or exclusions applied. He also attested that, while the Department of Revenue did not collect local sales taxes, the tax statutes generally applicable to both state and local sales tax would apply to the sales. However, no law or regulation has been pointed out by the DPSC to show that the burden of paying the taxes falls on the incarcerated inmate, and we have found none. Further, there has been no evidence presented by the DPSC to show that Mr. Anderson agreed to have the taxes and commissions deducted from his sales receipts. Therefore, we reverse the district court's judgment which found the sales taxes were properly deducted from Mr. Anderson's proceeds from his hobby craft sales at the Angola Prison Rodeo.

Second, we consider the commission reimbursement awarded to Mr. Anderson. Mr. Anderson maintains that the district court erred when it used an average instead of exact numbers to determine the commissions deducted from his hobby craft sales over many years. The Commissioner found that the evidence submitted into the record by Mr. Anderson and the DPSC was sufficient to determine the amount the DPSC owed to Mr.

6

Anderson for reimbursement of commissions. The DPSC averred that it was only required to maintain records for ten years, thus the earlier records of the commissions taken from hobby craft sales were not available. Using the evidence in the record, the district court used the commissions from April 2013 through October 2015 and averaged that amount. The average yearly commissions during that time were $34.54. Using an average of $34.54 per year, times eight years, the district court calculated that the DPSC owed Mr. Anderson $276.32 for the years of 2005-2012. Interest was calculated at $134.00, bringing the total amount owed to Mr. Anderson to $513.94.

The total amount prayed for by Mr. Anderson in his petition for the commissions and sales taxes deducted from his hobby craft sales from 2005-2015 is $560.00 plus interest, which amount, after *de novo* review, this Court finds is just, legal, and proper based upon the record. See La. C.C. P. art. 2164. Thus, we amend the total award to Mr. Anderson to $560.00 plus interest.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Mr. Anderson maintains that the district court erred in failing to rule on his motion to expand the record to include the DPSC digital database. Mr. Anderson filed his motion the expand the record on June 28, 2022. On February 20, 2024, the motion was denied by the Commissioner, with the notation, "This motion is moot. Judgment was rendered herein on 1/18/24." Mr. Anderson filed his motion for appeal on February 14, 2024. The district court granted the order of appeal on February 23, 2024; thus, on February 20, 2024 when the motion was denied, the district court still had jurisdiction over the case. See La. C.C.P. art. 2088(A).

Louisiana Revised Statutes 13:713(G) provides that the Commissioner shall rule on all matters of evidence in the same manner and in the same form as are prescribed by the constitution and laws of this state relative to judges of the district court for the Nineteenth Judicial District. This evidentiary motion was denied by the Commissioner, and this assignment of error, asserting that the district court erred in failing to rule on the motion, has no merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment or error, Mr. Anderson maintains that the district court erred in failing to rule on his motion for preliminary injunction. On September 27, 2023,

7

Mr. Anderson filed a motion for preliminary injunction, asking that the district court enjoin the DPSC from collecting commissions and making inmates pay sales taxes on hobby craft transactions during the October 2023 Angola Prison Rodeo. No ruling on this motion is found in the record before us. Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied. **M.J. Farms, Ltd. v. Exxon Mobil Corp.**, 2007-2371 (La. 7/1/08), 998 So.2d 16, 26. Thus, it is presumed that the motion for preliminary injunction was denied.

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. See La. C.C.P. art. 3601(A). Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. A showing of irreparable harm is not required in cases where the conduct sought to be restrained is unlawful, such as when the conduct constitutes a direct violation of a prohibitory law. **State Machinery & Equipment Sales, Inc. v. Iberville Parish Council**, 2005-2240, (La. App. 1 Cir. 12/28/06), 952 So.2d 77, 80-81; **City of Baton Rouge/Parish of East Baton Rouge v. 200 Government Street, LLC**, 2008-0510 (La. App. 1 Cir. 9/23/08), 995 So.2d 32, 35-36, writ denied, 2008-2554 (La. 1/9/09), 998 So.2d 726.

Whether to grant or deny a preliminary injunction lies within the sound discretion of the trial court. Absent a clear abuse of this discretion, the trial court's ruling will not be disturbed on appeal. **City of Baton Rouge/Parish of East Baton Rouge**, 995 So.2d at 36. After review, we find no abuse of discretion by the trial court in its denial of the motion for preliminary injunction. This assignment of error has no merit.

## CONCLUSION

For the foregoing reasons, the district court judgment is reversed in part, amended in part to increase the award to Nathaniel Anderson to $560.00 plus interest, and affirmed as amended. The cost of this appeal, $2,925.00, is assessed against the appellee, the Louisiana Department of Public Safety and Corrections.

**REVERSED IN PART; AMENDED IN PART; AND AFFIRMED AS AMENDED.**